**BRYAN CAVE LLP**
Marcy J. Bergman, California Bar No. 75826
Stephanie A. Blazewicz, California Bar No. 240359
Robert J. Esposito, California Bar No. 267031
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 675-3400
Facsimile: (415) 675-3600
Email: marcy.bergman@bryancave.com
stephanie.blazewicz@bryancave.com
robert.esposito@bryancave.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a Company of the United Kingdom,<br><br>Plaintiff,<br><br>vs.<br><br>CELS ENTERPRISES, INC. D/B/A CHINESE LAUNDRY, a New York Corporation; and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT**<br>**(2) FEDERAL FALSE DESIGNATION OF ORIGIN**<br>**(3) TRADEMARK DILUTION**<br>**(4) CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>**(5) COMMON LAW UNFAIR COMPETITION**<br>**(6) CALIFORNIA STATUTORY TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff AirWair International Ltd. is a wholly owned subsidiary of R. Griggs Group Ltd. and is engaged in the design, manufacture, marketing and sale of Dr. Martens® footwear (AirWair International Ltd. and R. Griggs Group Ltd. are referred to collectively hereafter as "AirWair"). AirWair International Ltd. and its parent company, R. Griggs Group Ltd., are companies of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Wellingborough, Northamptonshire, NN29 7SW, United Kingdom.

2. On information and belief, defendant Cels Enterprises, Inc. d/b/a Chinese Laundry ("Chinese Laundry") is a New York corporation, with its principal place of business at 3485 S. La Cienega Blvd, Los Angeles, CA 90016.

3. Chinese Laundry markets, distributes and sells clothing and footwear products in the United States and within this District through its website www.chineselaundry.com, its brick and mortar stores in California and Nevada, online retailers including Nasty Gal (www.nastygal.com), and major department and specialty stores including Macy's and Nordstrom. Chinese Laundry's footwear products are the subject matter of this action.

4. On information and belief, Chinese Laundry imports footwear manufactured in China into the United States. AirWair is without information or belief as to which manufacturer supplied the infringing footwear that is the subject of this action.

5. Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants"). AirWair will seek leave of Court to substitute their true names when they become known.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

7. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark

laws of the United States.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Chinese Laundry conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

9. AirWair is headquartered in the village of Wollaston, England and, through its predecessor company, has manufactured footwear since 1901. AirWair has been manufacturing and marketing Dr. Martens® footwear since 1960.

10. Since as early as 1984, AirWair has marketed and sold Dr. Martens boots, shoes and sandals in the United States using a distinctive trade dress that features yellow stitching in the welt area of the sole and a two-tone grooved sole edge. Dr. Martens classic style boots also include a fabric heel tab. AirWair has also used a distinctive undersole design consisting of a unique horizontal grid pattern known as the "DMS undersole pattern" on its Dr. Martens footwear. These features will be referred to collectively hereafter as the "Trade Dress".

11. Dr. Martens footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive Trade Dress of its iconic boots and shoes has been used by the company since 1960 and is world famous. Over the past 25 years, millions of pairs of shoes, boots and sandals with the distinctive Trade Dress have been sold in the United States.

12. AirWair holds many registrations for its Trade Dress throughout the world including the following registrations in the United States Patent and Trademark Office:

- "the combination of yellow stitching in the welt area and a two-tone grooved sole edge" (Reg. No. 2,437,751, attached as **Exhibit 1**);
- the yellow "welt stitch located around the perimeter of footwear" (Reg. No. 2,437,750, attached as **Exhibit 2**);

- its DMS undersole design mark (Reg. No. 2,102,468, attached as **Exhibit 3**, the "DMS Design Mark");
- "the design of an [*sic*] sole edge including longitudinal ribbing, and a dark color band over a light color" (Reg. No. 2,104,349, attached as **Exhibit 4**); and
- "longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab at the top back heel of footwear" (Reg. No. 2,341,976, attached as **Exhibit 5**).

All of the above trademarks (the "Trade Dress Marks") have been in use for 50 years, and have been used in the United States since 1984.

13. AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act and the trademark registrations referenced in Exhibits 1, 2 and 3 have become incontestable.

14. AirWair celebrated the 50th anniversary of its classic Dr. Martens footwear with its distinctive Trade Dress including yellow welt stitching, two-tone grooved sole edge and the DMS Design mark. Examples of classic Dr. Martens footwear, including the iconic 1460 boot, 1461 Gibson, and DMS undersole are shown below.



15. The distinctive Dr. Martens Trade Dress as described in the trademark registrations attached as Exhibits 1–5, individually and taken together, is distinctive or has acquired distinctiveness, and is non-functional.

16. AirWair is informed and believes that Chinese Laundry has in the past and continues to manufacture, market, distribute and sell boots and shoes that are confusingly similar to and which unlawfully copy the distinctive Dr. Martens Trade Dress in violation of AirWair's rights in the registered Trade Dress Marks. The infringing footwear manufactured, marketed and sold by Chinese Laundry includes, without limitation, the "Rendition" style name in colors including "black," "cherry," "khaki," "leopard," "navy," and "smoke," which are marketed and sold under the brand name "Dirty Laundry" (the "Infringing Footwear"). Images of the Infringing Footwear offered for sale and sold through Chinese Laundry's website www.chineselaundry.com and other U.S. retailers are attached hereto as **Exhibit 6**.

17. The Infringing Footwear unlawfully copies and uses the distinctive Dr. Martens Trade Dress, including the two-tone grooved sole edge and DMS undersole pattern. The overall configuration and appearance of the Infringing Footwear is virtually identical to the iconic Dr. Martens 1460 boot, and the DMS undersole pattern, as shown below, and is likely to cause confusion as to the source, sponsorship or origin of the Infringing Footwear:

*[The balance of this page is intentionally left blank.]*



**Genuine Dr. Martens® 1460 Boot**



**Chinese Laundry "Nail Polish" Boot**




**Genuine Dr. Martens® 1460 Undersole**        **Chinese Laundry "Nail Polish" Undersole**



**Chinese Laundry "Nail Polish" Boot Stitching and Two Tone Sole Edge**

18. The Infringing Footwear is offered for sale, advertised and promoted in the United States, including in this District, through Chinese Laundry's website www.chineselaundry.com, its brick and mortar stores in California and Nevada, online retailers including Nasty Gal (www.nastygal.com), and major department and specialty stores including Macy's and Nordstrom.

19. The infringing footwear is regularly sold in California and in the Northern District of California. True and correct images of Infringing Footwear purchased at www.nastygal.com and a receipt from the purchase thereof are attached hereto as **Exhibit 7** and **Exhibit 8**, respectively.

20. Chinese Laundry's offering for sale and sale of the Infringing Footwear is likely to cause and/or has caused confusion between AirWair's footwear and Chinese Laundry's footwear.

21. Chinese Laundry's conduct in copying AirWair's registered Trade Dress Marks has been systematic and deliberate. Chinese Laundry has copied the Trade Dress and the overall style and configuration of Dr. Martens boots and shoes as closely as possible in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens footwear.

22. By reason of Chinese Laundry's acts, AirWair has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits AirWair would have realized but for Chinese Laundry's acts. Unless restrained and enjoined, Chinese Laundry will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Chinese Laundry's actions.

*[The balance of this page is intentionally left blank.]*

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement in Violation of**

**Lanham Act Section 32, 15 U.S.C. Section 1114)**

23. AirWair realleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

24. Chinese Laundry has, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy or colorable imitation of AirWair's registered Trade Dress Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

25. Chinese Laundry has, on or in connection with footwear products, reproduced, counterfeited, copied and/or imitated AirWair's registered Trade Dress Marks and has applied such reproduction, counterfeit, copy and/or colorable imitations to signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

26. Chinese Laundry is acting and has acted with knowledge that its Infringing Footwear unlawfully copy and use AirWair's registered Trade Dress Marks and are counterfeits, and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

27. Chinese Laundry's acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin**

**in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

28. AirWair realleges and incorporates herein by reference paragraphs 1 through 27 of this Complaint.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

29. Chinese Laundry's unlawful copying and use of AirWair's registered Trade Dress Marks in connection with the Infringing Footwear is a false and misleading designation of origin and a false and misleading representation of facts, which:

    (a)    is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Chinese Laundry with AirWair, or as to the origin, sponsorship, or approval of Chinese Laundry's goods or commercial activities by AirWair; and/or

    (b)    in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Chinese Laundry's goods, services, or commercial activities.

30. Chinese Laundry's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

31. AirWair realleges and incorporates herein by reference paragraphs 1 through 30 of this Complaint.

32. AirWair's Trade Dress is distinctive and famous in the United States. Chinese Laundry has used and is using trade dress on its footwear products which is substantially indistinguishable from AirWair's registered Trade Dress Marks, after AirWair's marks became famous.

33. On information and belief, Chinese Laundry acted with knowledge of the fame and reputation of the Dr. Martens Trade Dress Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

34. Chinese Laundry's actions have and are likely to dilute, blur and tarnish the distinctive quality of the Trade Dress Marks, and lessen the capacity of AirWair's marks to identify and distinguish the company's products.

35. Chinese Laundry's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless Chinese Laundry is restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

36. Because Chinese Laundry acted willfully and intentionally to trade on AirWair's reputation and/or cause dilution of AirWair's famous Trade Dress, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)

37. AirWair realleges and incorporates herein by reference paragraphs 1 through 36 of this Complaint.

38. Chinese Laundry's acts including the unlawful use and imitation of AirWair's registered Trade Dress Marks in connection with the manufacture, marketing, distribution and sale of footwear products constitutes an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

39. Chinese Laundry's pattern and practice of imitating AirWair's registered Trade Dress Marks in connection with the Infringing Footwear, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

40. Chinese Laundry's conduct was willful, and AirWair has been and is likely to be damaged by these acts.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

41. AirWair realleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42. Chinese Laundry's use and imitation of AirWair's registered Trade Dress

Marks and the combination of its style features in footwear constitutes infringement, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Chinese Laundry, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

43. Chinese Laundry's willful acts of misrepresentation, fraud and deceit have unjustly enriched Chinese Laundry and violated AirWair's rights.

## SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of California Business & Professions Code Section 14330, et seq.)

44. AirWair realleges and incorporates by reference paragraphs 1 through 43 of this Complaint.

45. Chinese Laundry has, in connection with its footwear products, used a trade dress that is substantially identical to AirWair's registered Trade Dress Marks and has caused a dilution of the distinctive quality of AirWair's footwear products and its Trade Dress Marks and the goodwill represented thereby.

46. AirWair's Trade Dress Marks have become famous, and Chinese Laundry has used and is using a trade dress that is substantially identical to AirWair's marks, after AirWair's marks became famous.

47. Chinese Laundry's actions have diluted, blurred and tarnished the strong and positive associations represented by AirWair's Trade Dress Marks, by lessening the capacity of AirWair's marks to identify and distinguish AirWair's products, and by causing AirWair's products and marks to be associated with footwear not made, sponsored or approved by AirWair.

48. Chinese Laundry's acts are in violation of California Business & Professions Code sections 14330, et seq., and AirWair has been and is likely to be damaged by these acts.

## PRAYER FOR RELIEF

Wherefore, AirWair prays for judgment in its favor and against Chinese Laundry:

A. A preliminary and permanent injunction enjoining Chinese Laundry, its officers, shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing or selling the Infringing Footwear or any other footwear products that use, imitate or copy any of AirWair's registered Trade Dress Marks, as illustrated in Exhibits 1–5, or any combination of them.

B. An Order directing Chinese Laundry to file with this Court and serve on AirWair's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Chinese Laundry has complied with the injunction.

C. An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession or control of Chinese Laundry bearing images, illustrations, or representations of the enjoined footwear, Trade Dress, Dr. Martens® name, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed; (2) that Chinese Laundry disclose the identities of the vendors, manufacturers, retailers and etailers of the Infringing Footwear, sole molds, and undersole; (3) all footwear bearing any of the Trade Dress features identified in Exhibits 1–5 hereto be delivered to AirWair or destroyed; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens, DOCS, DMs, or any version of the registered Dr. Martens trademarks be immediately discontinued and removed from operation or view.

D. An accounting for Chinese Laundry's profits arising from Chinese Laundry's

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

unfair competition and trademark infringement and an award of Chinese Laundry's profits to AirWair, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

   E. An award of damages sustained by AirWair.

   F. In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $1,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by Chinese Laundry.

   G. An award of treble the actual damages awarded.

   H. Pre-judgment and post-judgment interest on the above damage awards.

   I. An award of costs and reasonable attorney's fees and expenses incurred by AirWair in connection with this action.

   J. Such other and further relief which this Court may deem just.

## DEMAND FOR JURY TRIAL

AirWair hereby demands a trial by jury.

Dated:  September 17, 2013   **BRYAN CAVE LLP**

By: */s/ Stephanie A. Blazewicz*
   Marcy J. Bergman
   Stephanie A. Blazewicz
   Robert J. Esposito
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

SF01DOCS\155069.1.3  14  CASE NO. _____
COMPLAINT