ROBERT F. HELFING (Bar No. 90418)
robert.helfing@sedgwicklaw.com
HEATHER L. MCCLOSKEY (Bar No. 193239)
heather.mccloskey@sedgwicklaw.com
XIAOYI YAO (Bar No. 261290)
xiaoyi.yao@sedgwicklaw.com
SEDGWICK LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant
CELS ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWALK INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> CELS ENTERPRISES, INC. D/B/A CHINESE CELSNDRY, et al., <br><br> Defendant. | Case No. CV13-04312 EMC <br><br> **ANSWER OF DEFENDANT CELS ENTERPRISES, INC. TO COMPLAINT;** <br><br> **REQUEST FOR JURY TRIAL** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant CELS ENTERPRISES, INC. ("CELS" or "Defendant"), for itself alone and for no other defendant, respectfully submits the following answer and affirmative defenses to the Complaint of plaintiff AIRWAIR INTERNATIONAL LTD. ("AIRWAIR" or "Plaintiff"):

1. CELS lacks sufficient information or belief to admit or deny the allegations contained in this paragraph and on that basis denies them.

2. CELS admits that it is a corporation organized and existing under the laws of the State of New York with its principal place of business at 3485 S. La Cienega Blvd., Los Angeles, California.  CELS denies the remaining allegations in this paragraph.

3. CELS admits that it markets, distributes and sells footwear within this judicial district through its website and retail stores.  CELS denies the remaining allegations in this paragraph.

4. CELS admits that it imports footwear manufactured in China to the United States.  CELS denies the remaining allegations in this paragraph.

5. CELS lacks sufficient information or belief to admit or deny the allegations contained in this paragraph and on that basis denies them.

6. CELS admits that this Court has subject matter jurisdiction over the claims asserted in this case.  CELS denies the remaining allegations contained in this paragraph.

7. CELS admits that this Court has pendant jurisdiction over the claims asserted in this case.  CELS denies the remaining allegations contained in this paragraph.

8. CELS denies that venue is proper in this judicial district, and denies all remaining allegations contained in this paragraph.

9. CELS lacks sufficient information or belief to admit or deny the allegations contained in this paragraph and on that basis denies them.

10. CELS lacks sufficient information or belief to admit or deny the allegations contained in this paragraph and on that basis denies them.

11. CELS denies the allegations contained in this paragraph.

12. CELS lacks sufficient information or belief to admit or deny the allegations contained in this paragraph and on that basis denies them.

13. CELS lacks sufficient information or belief to admit or deny the allegations contained in this paragraph and on that basis denies them.

14. CELS lacks sufficient information or belief to admit or deny the allegations contained in this paragraph and on that basis denies them.

15. CELS denies the allegations contained in this paragraph.

16. CELS denies the allegations contained in this paragraph.

17. CELS denies the allegations contained in this paragraph.

18. CELS admits that the style entitled "Nail Polish" was sold in this judicial district and in the United States through CELS' website and in retail stores. CELS denies the remaining allegations in this paragraph.

19. CELS denies that the "Nail Polish" style is infringing. CELS admits that the "Nail Polish" style was sold in California. CELS lacks sufficient information or belief on which to admit or deny the allegations concerning the purchase of the "Nail Polish" shoe as alleged in this paragraph. CELS denies the remaining allegations contained in this paragraph.

20. CELS denies the allegations contained in this paragraph.

21. CELS denies the allegations contained in this paragraph.

22. CELS denies the allegations contained in this paragraph.

23. CELS realleges and incorporates by reference its responses to the foregoing paragraphs.

24. CELS denies the allegations contained in this paragraph.

25. CELS denies the allegations contained in this paragraph.

26. CELS denies the allegations contained in this paragraph.

27. CELS denies the allegations contained in this paragraph.

28. CELS realleges and incorporates by reference its responses to the foregoing paragraphs.

29. CELS denies the allegations contained in this paragraph.

30. CELS denies the allegations contained in this paragraph.

31. CELS realleges and incorporates by reference its responses to the foregoing paragraphs.

32. CELS denies the allegations contained in this paragraph.

33. CELS denies the allegations contained in this paragraph.

34. CELS denies the allegations contained in this paragraph.

35. CELS denies the allegations contained in this paragraph.

36. CELS denies the allegations contained in this paragraph.

37. CELS realleges and incorporates by reference its responses to the foregoing paragraphs.

38. CELS denies the allegations contained in this paragraph.

39. CELS denies the allegations contained in this paragraph.

40. CELS denies the allegations contained in this paragraph.

41. CELS realleges and incorporates by reference its responses to the foregoing paragraphs.

42. CELS denies the allegations contained in this paragraph.

43. CELS denies the allegations contained in this paragraph.

44. CELS realleges and incorporates by reference its responses to the foregoing paragraphs.

45. CELS denies the allegations contained in this paragraph.

46. CELS denies the allegations contained in this paragraph.

47. CELS denies the allegations contained in this paragraph.

48. CELS denies the allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES

49. Without admitting or acknowledging that it bears any burden of proof as to any of them or their respective elements, CELS asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

50. The Complaint, and each purported claim for relief contained therein, fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

51. Plaintiff's claims are all barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

52. Plaintiff's claims are all barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are all barred by the doctrines of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

54. Plaintiff's claims are all barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

55. Plaintiff's claims are all barred because it has no standing to assert any claim or cause of action herein, as Plaintiff is not a legal or beneficial owner of any intellectual property rights asserted in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

56. The remedies sought by the claims for relief are limited or precluded by Plaintiff's failure to mitigate its losses.

**EIGHTH AFFIRMATIVE DEFENSE**

57. Plaintiff is not entitled to any recovery against CELS because any harm incurred by Plaintiff was the result of conduct by third parties for whom CELS was not responsible.

**NINTH AFFIRMATIVE DEFENSE**

58. Plaintiff is not entitled to any recovery against CELS because Plaintiff caused or contributed to the alleged injuries or damages by its own negligent, intentional, willful or bad faith conduct.

**TENTH AFFIRMATIVE DEFENSE**

59. Plaintiff's claims are barred because it has misused its intellectual property rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

60. Plaintiff's claims are all barred because Plaintiff expressly or impliedly consented to CELS' actions.

**TWELFTH AFFIRMATIVE DEFENSE**

61. Plaintiff's claims are all barred by the doctrines of acquiescence and/or ratification as a result of the acts or omissions of Plaintiff or others that are attributable to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

62. Plaintiff's claims are all barred because there has been an accord and satisfaction, or compromise and release.

**FOURTEENTH AFFIRMATIVE DEFENSE**

63. Plaintiff's claims are all barred because CELS has not engaged in any unlawful, unfair, or inequitable business practices; rather its conduct was at all times proper, justified, privileged, and performed in the exercise of absolute rights granted to it by the laws and institutions of the United States government.

**FIFTEENTH AFFIRMATIVE DEFENSE**

64. Plaintiff's claims are all barred because CELS' allegedly infringing products are all protected by their own trademark registrations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

65. Plaintiff's claims are all barred because the asserted trademarks and trade dresses are invalid, are functional design elements, lack secondary meaning, are not distinctive, and/or are generic.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

66. Plaintiff's claims are all barred because the asserted trademarks and trade dresses have become abandoned through widespread unauthorized third party use and/or lack of control over the trademarks and trade dresses.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

67. Plaintiff's claims are all barred because of its failure to use proper trademark notices.

**NINETEENTH AFFIRMATIVE DEFENSE**

68. Plaintiff's claims are all barred because of its failure to provide reasonable and proper notice for the claims of infringement.

**TWENTIETH AFFIRMATIVE DEFENSE**

69. Plaintiff's claims are all barred because there is no substantial protectible similarity between its goods and CELS' allegedly infringing goods, and therefore no possibility for confusion.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

70. CELS objects to venue in this judicial district as improper because neither party resides in this judicial district and no substantial part of the events or omissions occurred in this judicial district. CELS will move to dismiss or transfer this case to the Central District of California under 28 USC § 1391(b)(1).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

71. CELS objects to venue in this judicial district as it is inconvenient for CELS and otherwise improper.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

72. CELS expressly reserves all rights to amend this answer to assert additional affirmative defenses as may become appropriate as discovery and factual and legal research are conducted.

### PRAYER FOR RELIEF

WHEREFORE, Defendant CELS prays as follows:

1. That Plaintiff's claims be dismissed in their entirety, and that Plaintiff take nothing by way of its Complaint;

2. That the Court award Defendant its costs and reasonable attorney's fees as provided for by law; and

3. That the Court award Defendant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant CELS hereby demands a trial by jury as to all issues properly so tried.

DATED: January 24, 2014    SEDGWICK LLP

By: */s/ Heather L. McCloskey*
    Robert F. Helfing
    Heather L. McCloskey
    Xiaoyi Yao
    Attorneys for Defendant
    CELS ENTERPRISES, INC.