1   ROBERT F. HELFING (Bar No. 90418)
    robert.helfing@sedgwicklaw.com
2   HEATHER L. MCCLOSKEY (Bar No. 193239)
    heather.mccloskey@sedgwicklaw.com
3   XIAOYI YAO (Bar No. 261290)
    xiaoyi.yao@sedgwicklaw.com
4   **SEDGWICK LLP**
    801 South Figueroa Street, 19th Floor
5   Los Angeles, CA  90017-5556
    Telephone: (213) 426-6900
6   Facsimile: (213) 426-6921

7   Attorneys for Defendant
    CELS ENTERPRISES, INC.
8

9                **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12  AIRWAIR INTERNATIONAL LTD.,          Case No. CV13-04312 EMC

13                 Plaintiff,            **DEFENDANT'S NOTICE OF MOTION
                                         AND MOTION TO DISMISS FOR**
14        v.                             **IMPROPER VENUE PURSUANT TO
                                         FRCP 12(b)(3) OR, IN THE**
15  CELS ENTERPRISES, INC. D/B/A         **ALTERNATIVE, TO TRANSFER
    CHINESE LAUNDRY, et al.,             VENUE FOR CONVENIENCE**
16                                       **PURSUANT TO 28 USC § 1404(a)**
                   Defendant.
17

18

19                                       Date:        March 6, 2014
                                         Time:        1:30 p.m.
20                                       Place:       Courtroom 5

21

22

23      **TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

24          **PLEASE TAKE NOTICE** that on March 6, 2014 at1:30 p.m., or as soon thereafter as

25  the matter may be heard in Courtroom 5 of the above-entitled court, located at 450 Golden

26  Gate Avenue, San Francisco, California, Defendant Cels Enterprises, Inc. ("Cels") will move

27  this Court for an Order dismissing this action for improper venue pursuant to F.R.C.P. 12(b)(3)

28  or, in the alternative, transferring this action to the District Court in the Central District of

California, pursuant to 28 U.S.C. § 1404(a).  This Motion is made on the grounds that Cels

does not reside in this District, and the convenience of the parties and witnesses, and thus the

interests of efficiency and justice, are far better served in the proposed venue.

This Motion is based upon this Notice of Motion, the Memorandum of Points and

Authorities filed herewith, the Declaration of Miryan Nogueira, the pleadings and papers on

file, and such oral argument and further evidence and matters as this Court may consider.

DATED:  January 30, 2014          SEDGWICK LLP

By:  _/s/ Heather L. McCloskey_____
        Robert F. Helfing
        Heather L. McCloskey
        Xiaoyi Yao
        Attorneys for Defendant
        CELS ENTERPRISES, INC.

2

# TABLE OF CONTENTS

**<u>Page</u>**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

I.     INTRODUCTION ......................................................................................................... 1

II.    STATEMENT OF FACTS .......................................................................................... 1

III.   ARGUMENT ............................................................................................................... 2

     A.     THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE .......... 2

           1.     LEGAL STANDARD ............................................................................. 2

           2.     THIS DISTRICT WOULD NOT HAVE GENERAL JURISDICTION OVER CELS IF THE DISTRICT WERE A SEPARATE STATE ............................................................................ 3

           3.     THIS DISTRICT WOULD NOT HAVE SPECIFIC JURISDICTION OVER CELS IF THE DISTRICT WERE A SEPARATE STATE ............................................................................ 4

                a.     Cels Does Not Purposefully Avail Itself Of The Privileges Of Conducting Activities In the Northern District of California ............................................... 4

                b.     Airwair's Claims Do Not Arise Out Of Cels' Forum-Related Activities ................................................. 6

                c.     The Exercise Of Personal Jurisdiction Over Cels Would Be Unreasonable ................................................. 6

                     (1)     There Was No Purposeful Interjection Into This District By Cels ......................................... 7

                     (2)     Defense In This District Is More Burdensome ................................................................ 7

                     (3)     This District Has No Interest In This Dispute ...................................................................... 8

                     (4)     Efficient Resolution Weighs In Favor Of Dismissal ................................................................. 8

                     (5)     Importance Of The Forum Does Not Weigh Against Dismissal ........................................... 8

                     (6)     Availability Of An Alternate Forum Weighs In Favor Of Dismissal ............................................ 9

B.   EVEN IF VENUE WERE PROPER, THE CASE SHOULD BE TRANSFERRED FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTERESTS OF EFFICIENCY AND JUSTICE ........................................................................................ 9

1.   LEGAL STANDARD ............................................................ 9

2.   THIS ACTION COULD HAVE BEEN BROUGHT IN THE CENTRAL DISTRICT OF CALIFORNIA ................................ 10

3.   THE RELEVANT FACTORS FAVOR TRANSFERRING THIS CASE TO THE CENTRAL DISTRICT OF CALIFORNIA ...................................................................... 10

a.   Airwair's Choice of Forum Should Be Accorded Little Deference ........................................................ 10

b.   Convenience of the Parties and Witnesses and Ease of Access to Evidence Weigh in Favor of Transfer ................. 12

c.   Both Forums Are Familiar with the Applicable Law .............. 12

d.   There is No Feasibility of Consolidation With Other Actions .................................................................... 13

e.   Local Interest in the Controversy Weighs in Favor of Transfer .................................................................. 13

f.   Relative Court Congestion Weighs in Favor of Transfer .................................................................. 13

IV.   CONCLUSION ......................................................................................... 14

CV13-04312 EMC
NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Amini Innovation Corp v. JS Imports Inc.*,
    497 F.Supp.2d 1093 (C.D. Cal. 2007) ............................................................... 12

*Bancroft & Masters, Inc. v. Augusta Net. Inc.*,
    223 F.3d 1082 (9th Cir. 2000) ................................................................... 4, 6

*Banga v. First USA, NA*,
    2010 WL 727749 (E.D. Cal. March 2, 2010) ...................................................... 11

*Brand v. Menlove Dodge*,
    796 F.2d 1070 (9th Cir. 1986) ..................................................................... 3

*Brayton Purcell, LLP v. Recordon & Recordon*,
    606 F.3d 1124 (9th Cir. 2010) ..................................................................... 6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) .......................................................................... 6, 7

*Calder v. Jones*,
    465 U.S. 783 (1984) ............................................................................ 5

*Carolina Casualty Co. v. Data Broadcasting Corp.*,
    158 F.Supp.2d 1044 (N.D. Cal. 2001) ........................................................ 10, 11

*CE Distrib., LLC v. New Sensor Corp.*,
    380 F.3d 1107 (9th Cir. 2004) ..................................................................... 7

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) ..................................................................... 4

*Continental Grain Co. v. Barge F.B.L.-585*,
    364 U.S. 19 (1960) .............................................................................. 9

*Core-Vent Corp. v. Nobel Indus. AB*,
    11 F.3d 1482 (9th Cir. 1993) ................................................................... 7, 8

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
    472 F.Supp.2d 1183 (S.D. Cal. 2007) ............................................................ 13

*Dole Food Co., Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) ................................................................. 5, 8

*E. & J. Gallo Winery v. F. & P.S.p.A.*,
    899 F.Supp. 465 (E.D. Cal. 1994) ................................................................ 9

*Fabus Corp. v. Asiana Express Corp.*,
    2001 WL 253185 (N.D. Cal. March 5, 2001) ...................................................... 11

*Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*,
   828 F.2d 1439 (9th Cir. 1987) ............................................................................ 3, 7

*Fireman's Fund Ins. Co. v. Nat'l Bank of Coop.*,
   103 F3d 888 (9th Cir. 1996) ................................................................................... 2

*Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*,
   328 F.2d 1122 (9th Cir. 2003) ................................................................................ 8

*Hatch v. Reliance Ins. Co.*,
   758 F.2d 409 (9th Cir. 1985) .................................................................................. 9

*Helicopteros Nacionales de Colombia, SA. v. Hall*,
   466 U.S. 408 (1984) ................................................................................................ 3

*Hirsch v. Blue Cross, Blue Shield of Kansas City*,
   800 F.2d 1474 (9th Cir. 1986) ................................................................................ 4

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) ................................................................................................ 9

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................................ 3

*Lang v. Morris*,
   823 F. Supp. 2d 966 (N.D. Cal. 2011) ............................................................... 5, 6

*Love v. Associated Newspapers, Ltd.*,
   611 F.3d 601 (9th Cir. 2010) .............................................................................. 5, 6

*Lucas v. Daiichi Sankyo Co., Inc.*,
   2011 WL 2020443 ................................................................................................ 12

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ................................................................................ 3

*Pacific Atl. Trading Co. v. MIV Main Exp.*,
   758 F.2d 1325 (9th Cir. 1985) ............................................................................. 7, 8

*Pacific Car and Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir. 1968) ................................................................................ 11

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ................................................................................ 4

*Pierce v. Coughlin*,
   806 F.Supp. 426 (S.D.N.Y. 1992) ........................................................................ 11

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) .............................................................................. 4, 5

*Sinatra v. Nat'l Enquirer*,
   854 F.2d 1191 (9th Cir. 1988) ................................................................................ 8

iv

CV13-04312 EMC
NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964)...................................................................................9

*Ziegler v. Indian River County*,
   64 F3d 470 (9th Cir.1995) ........................................................................2

**Statutes**

28 United States Code Section 1391 (b) ................................................................2

28 United States Code Section 1391(d) ...........................................................2, 10

28 United States Code Section 1404(a) ......................................................1, 9, 14

California Code of Civil Procedure, Section 410.10 .............................................3

Federal Rule of Civil Procedure 12(b)(3) .............................................................2

v

CV13-04312 EMC
NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In this action, plaintiff Airwair International LTD ("Airwair") claims trade dress rights to certain footwear designs, and alleges that Cels Enterprises, Inc. ("Cels") infringed its trade dress rights by copying those designs.  In the Complaint, Airwair purports that venue is proper by vaguely alleging that Cels "conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offers services and retail goods and products to consumers located within this District."  (Doc. # 1, Complaint, ¶ 8.)  As set forth below, Cels, however, does not have sufficient contacts with this District to be deemed a resident of this District for venue purposes.  As Airwair acknowledges, Cels is a New York company with its principal of place of business in Los Angeles.  (Id., ¶ 2.)  Cels has no offices, employees, retail space, warehouses or other physical presence in this District, nor does it have the type of substantial, continuous or systematic contacts with this District that would approximate physical presence here.  Cels has made only occasional sales to the forum residents.  In 2013, for example, those sales constituted only 0.62% of Cels' overall business in the United States.  Clearly, Cels is not doing enough business in this District to be considered a resident for venue purposes.

Even if Cels were deemed a resident of this District, the Court should transfer the case to a more convenient venue under 28 U.S.C. § 1404(a).  Neither party has any connection to this District.  Airwair is a company of the United Kingdom.  Cels and its counsel all reside in the Central District of California.  The footwear at issue in this litigation was manufactured for Cels in China.  Because there is no reasonable basis to litigate this action in this Judicial District, Cels respectfully requests that the Court transfer the action to the Central District of California for the convenience of the parties and witnesses and in the interests of efficiency and justice.

## II.    STATEMENT OF FACTS

Cels is a New York company organized and existing under the laws of New York, with its principal place of business located at 3485 S. La Cienega Blvd, Los Angeles, CA 90016.

1    (Nogueira Dec., ¶ 2.)  Cels has never had any place of business or offices in this Judicial

2    District.  (Id., ¶ 3.)  Cels owns no real or personal property in this District, has no vehicles

3    registered in this District, and has no mailing address in this District.  (Id.)  Cels does not own

4    or lease any warehouse space or other storage facilities in this District, and does not have any

5    office files in this District.  (Id.)  Cels does not have any bank accounts in this District.  (Id.)

6         Cels sells footwear at various retail locations.  Cels has no retail stores in this District.

7    (Id.)  Cels has not directed any advertising into this District or targeted this District with any of

8    its marketing efforts.  (Id., ¶ 5.)  While Cels has made occasional sales to customers in this

9    District, those sales constitute a very small portion of Cels' business.  In 2013, for example, all

10   sales made into this District amounted to only 0.62% of Cels' overall business in the United

11   States.  (Id., ¶ 4.)

12   **III.    ARGUMENT**

13        **A.    THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE**

14             1.    <u>LEGAL STANDARD</u>

15        Pursuant to 28 U.S.C. § 1391 (b), a civil action may be brought in "a judicial district in

16   which any defendant resides, if all defendants are residents of the State in which the district is

17   located."  For a state that has several federal districts, such as California, a corporation

18   defendant "shall be deemed to reside in any district in that State within which its contacts

19   would be sufficient to subject it to personal jurisdiction if that district were a separate State."

20   28 U.S.C. § 1391(d).  If the contacts would be insufficient to give rise to personal jurisdiction

21   in that district, were that district a separate State, the court may dismiss the action for improper

22   venue.  *Fed. R. Civ. P.* 12(b)(3).

23        Determination of whether personal jurisdiction exists over a nonresident defendant

24   involves two inquiries: (1) whether the forum state's long-arm statute permits the assertion of

25   jurisdiction, and (2) whether the assertion of personal jurisdiction violates federal due process

26   requirements.  See, e.g., *Fireman's Fund Ins. Co. v. Nat'l Bank of Coop.,* 103 F3d 888,893 (9th

27   Cir. 1996); *Ziegler v. Indian River County,* 64 F3d 470 (9th Cir.1995).  California's long-arm

28   provisions grant courts of this state "jurisdiction on any basis not inconsistent with the

Constitution of this state or the United States." *Cal. Code Civ. Proc.* § 410.10.  Thus, California's jurisdiction is as broad as the Constitution permits, and the Court need only determine whether the assertion of personal jurisdiction violates the Due Process Clause.

For a court to subject a nonresident defendant to jurisdiction in the forum state, due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted).  A district court "may exercise either general or specific personal jurisdiction over nonresident defendants."  *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).  Whether general or specific jurisdiction is appropriate turns on the type and extent of contacts that the defendant has with the forum state.  *Id*.

2.   THIS DISTRICT WOULD NOT HAVE GENERAL JURISDICTION
OVER CELS IF THE DISTRICT WERE A SEPARATE STATE

A court has general jurisdiction over a nonresident defendant when the defendant has "substantial, continuous, and systematic" contacts with the forum state that approximate physical presence in the forum state.  *Helicopteros Nacionales de Colombia, SA. v . Hall*, 466 U.S. 408,415 (1984); see also *Mavrix Photo, Inc. v. Brand Technologies, Inc.,* 647 F.3d 1218, 1223-1224 (9th Cir. 2011) (general jurisdiction over nonresident defendant proper when defendant has "engag[ed] in continuous and systematic general business contacts that approximate physical presence [in California].")  The standard for establishing general jurisdiction is "fairly high."  *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986).  When general jurisdiction is appropriate, a federal court can exercise jurisdiction as to any cause of action involving the defendant, regardless of whether the cause of action arose from the defendant's activities within the forum state.  *Helicopteros Nacionales de Colombia, SA., supra*, 466 U.S. at 415.

Factors to be taken into consideration are whether the defendant makes sales in the state, solicits or engages in business in the state, serves the state's markets, or designates an agent for service of process, holds a license, or is incorporated in the state.  *Hirsch v. Blue*

CV13-04312 EMC
NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE

*Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986).  Maintenance of an interactive website is not sufficient grounds for general personal jurisdiction.  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075-1076 (9th Cir. 2011) (holding that allowing a website to support jurisdiction would inevitably result in "the eventual demise of all restrictions on the personal jurisdiction of state courts") (citations omitted).

In this instant case, there are simply no facts that would support a finding of general jurisdiction, if the District were a separate state.  As explained, defendant Cels is neither domiciled in this District, nor does it have any "substantial, continuous, and systematic" contacts that would meet the requirement of general jurisdiction.

### 3.  THIS DISTRICT WOULD NOT HAVE SPECIFIC JURISDICTION OVER CELS IF THE DISTRICT WERE A SEPARATE STATE

Courts apply a three-prong "minimum contacts" test to determine whether specific jurisdiction exists: whether "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum state, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable."  *Bancroft & Masters, Inc. v. Augusta Net. Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000).  The plaintiff bears the burden of proving the first two prongs.  *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004).  If the plaintiff succeeds, the burden then shifts to defendant to show that the exercise of jurisdiction would be unreasonable.  *Id*.

### a.  Cels Does Not Purposefully Avail Itself Of The Privileges Of Conducting Activities In the Northern District of California

In order to meet the first prong of the "minimum contacts" test, plaintiff must establish either that defendant (1) "purposefully availed" itself of the privilege of conducting activities in California, or (2) that it "purposefully directed" its activities toward California.  *Schwarzenegger, supra*, 374 F.3d 797, 802 (9th Cir. 2004); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).  "Evidence of availment is typically action taking place in the

1    forum that invokes the benefits and protections of the laws in the forum. [] Evidence of

2    direction generally consists of action taking place outside the forum that is directed at the

3    forum, [such as distribution and advertising.]" *Id.* at 1155-1156.  Courts use a purposeful

4    availment analysis when the suit sounds in contract and use a purposeful direction analysis

5    when the suit sounds in tort.  *Schwarzenegger, supra*, 374 F.3d at 802.  Because Airwair's

6    complaint sounds in tort, purposeful direction is the relevant inquiry.

7         In analyzing purposeful direction, courts apply the "effects" test established by the

8    Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984).  *Id.*  To satisfy this test, the defendant

9    "must have (1) committed an intentional act, which was (2) expressly aimed at the forum state,

10   and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to

11   be suffered in the forum state."  *Id.* (citation and quotation omitted).

12        The "determinative question" is whether the defendant's conduct is "expressly aimed"

13   at the forum state.  *Id.*  Express aiming has two elements: (1) that the defendant's wrongful

14   conduct targeted the plaintiff and (2) that the defendant knew the plaintiff to be a resident of

15   the forum state.  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  In

16   intellectual property infringement actions, courts further interpreted "express aiming" to mean

17   that defendant knew of plaintiff's residence in California, and that its infringing activities were

18   specifically "aimed to compete" with plaintiff in California.  *Lang v. Morris*, 823 F. Supp. 2d

19   966, 974 (N.D. Cal. 2011); see also *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th

20   Cir. 2010).

21        In *Lang*, plaintiff alleged that defendants sold infringing works "throughout the United

22   States and internationally."  *Lang, supra*, 823 F. Supp. 2d at 974.  The court found that plaintiff

23   failed to show that defendant's infringing acts were specifically aimed to compete with

24   plaintiff at the California market.  *Id.*

25        Similarly, in *Love*, the Ninth Circuit states:

26              We have held that the "expressly aimed" prong of the purposeful

27              direction test can be met where a plaintiff alleges that the

28              defendant individually targeted him by misusing his intellectual

property on the defendant's website for the purpose of competing

with the plaintiff in the forum.

*Love, supra*, 611 F.3d at 609 (emphasis added), citing *Brayton Purcell, LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010).

The court found "[t]he intentional acts that allegedly harmed [the plaintiff] … were directed entirely at markets in the United Kingdom and Ireland, [not in California.]" *Id.* Accordingly, the court declined to exercise jurisdiction over the defendant, finding "[plaintiff]'s argument that [the defendant] targeted his business interests in California [wa]s not supported by facts." *Id*.

As in *Lang* and *Love*, here express aiming is unmet.  As Airwair does not reside in this District, Cels simply could not have targeted Airwair or specifically aimed to compete with Airwair in this District.  Accordingly, Airwair is unable to establish the first prong of the "minimum contacts" test.

> b.    Airwair's Claims Do Not Arise Out Of Cels' Forum-
> Related Activities

The second prong requires the plaintiff to show that defendants' conduct targeted at the forum state be the "but for" cause of plaintiff's injury alleged in the action.  *Bancroft & Masters, Inc. v. Augusta Net. Inc., supra*, at 1088.  To meet this prong, plaintiff must show that defendant actually engaged in conduct directed toward plaintiff in the forum state.  *Lang, supra*, 823 F. Supp. 2d at 974.  As explained above, Cels has not directed any activities toward Airwair in this District.  Airwair is therefore unable to establish that its claims arise out of Cels' forum-related activities.

> c.    The Exercise Of Personal Jurisdiction Over Cels Would Be
> Unreasonable

Even if Cels had sufficient "minimum contacts" with this District, which it does not, the third (reasonableness) prong also requires that the exercise of jurisdiction by local courts in the particular case would "comport with fair play and substantial justice."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78,105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).  "[J]urisdictional

1    rules may not be employed in such a way as to make litigation 'so gravely difficult an

2    inconvenient' that a party unfairly is at a 'severe disadvantage in comparison to his opponent.'"

3    *Id.* at 478 (citations omitted).

4         The Ninth Circuit has articulated seven factors used to determine whether the exercise

5    of jurisdiction over a nonresident defendant comports with traditional notions of fair play and

6    substantial justice: (1) the extent of the defendant's purposeful interjection into the forum

7    state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of

8    conflict with the sovereignty of the defendant's state; (4) the forum state's interest in

9    adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the

10   importance of the forum to the plaintiffs interest in convenient and effective relief; and (7) the

11   existence of an alternative forum.  See, e.g. *CE Distrib., LLC v. New Sensor Corp*., 380 F.3d

12   1107, 1112 (9th Cir. 2004); *FDIC v. British-Am. Ins. Co*., 828 F.2d 1439, 1442 (9th Cir. 1987)

13   (declining to rule on purposeful availment because the exercise of jurisdiction would be

14   unreasonable).  Most of these factors weigh entirely or almost entirely in favor of dismissal of

15   Cels.

16                    (1)    There Was No Purposeful Interjection Into This

17                           District By Cels

18        The degree of a defendant's interjection into the forum state is weighed in assessing the

19   overall reasonableness of jurisdiction even when the purposeful availment prong of specific

20   jurisdiction is satisfied.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir.

21   1993).  The lower the defendant's degree of purposeful interjection, the less likely it is to

22   anticipate jurisdiction, and the less reasonable exercise of jurisdiction is over it.  *Id.*

23        As discussed above, Cels has not purposefully interjected itself into this District.

24   Accordingly, this factor strongly weighs in favor of dismissal.

25                    (2)    Defense In This District Is More Burdensome

26        The "burden on the defendant is the primary concern" and thus possible burden on the

27   plaintiff does not dilute the strength of this factor.  *Pacific Atl. Trading Co. v. MIV Main Exp*.,

28   758 F.2d 1325, 1330 (9th Cir. 1985).  The burden on the defendant must be examined in light

of the corresponding burden on the plaintiff. *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988).

Despite Airwair's obvious ability to bring this action where Cels is domiciled, Airwair chose to file this suit based on erroneous, boilerplate allegations that venue is proper. Cels should not have to bear the burden of defending the suit in a distant forum, where Cels does not choose to do business. Given that Airwair is a foreign company, it is not more convenient for Airwair to keep this action in this district either. This factor also favors Cels.

(3) <u>This District Has No Interest In This Dispute</u>

As neither party resides in the District, this District has no unique or particular interest in adjudicating this dispute. This factor favors Cels.

(4) <u>Efficient Resolution Weighs In Favor Of Dismissal</u>

This factor concerns the efficiency of the forum. "In evaluating this factor, [courts look] primarily at where the witnesses and the evidence are likely to be located." *Core-Vent Corp. v. Nobel Indus. AB, supra*, at 1489. In this case, all of Cels' evidence and witnesses are located in the Central District of California. Similarly, Airwair's evidence and witness are likely located in the United Kingdom, not this District. Accordingly, this District is not an efficient forum for adjudicating this dispute. This factor favors Cels.

(5) <u>Importance Of The Forum Does Not Weigh</u><br><u>Against Dismissal</u>

"[I]n this circuit, the plaintiffs convenience is not of paramount importance." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1116 (9th Cir. 2002); *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.2d 1122, 1133 (9th Cir. 2003); see also *Pacific Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325 (9th Cir.1985) (holding "the burden on the defendant is the primary concern," and thus the possible burden on the plaintiff does not dilute the strength of the second factor regarding the burden on defendant). Given that Airwair has no countervailing interest in prosecuting this lawsuit in this District, this factor favors dismissal.

///

///

8

CV13-04312 EMC<br>NOTICE OF MOTION AND<br>MOTION TO TRANSFER VENUE

(6)     Availability Of An Alternate Forum Weighs In

Favor Of Dismissal

It is clear that this matter could be readily adjudicated in the Central District of California.  Accordingly, Cels contends that a suitable alternate forum is readily available in that District.

In sum, this District would not have personal jurisdiction over Cels if the District were a separate state.  Accordingly, Cels is not deemed to reside in the District for venue purposes, so venue in this District is improper.

**B.     EVEN IF VENUE WERE PROPER, THE CASE SHOULD BE TRANSFERRED FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTERESTS OF EFFICIENCY AND JUSTICE**

1.     LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties, witnesses, and in the interest of justice," a court may transfer an action to any other district in which that action might have been brought.  The purpose of that section is to "prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)).  The analysis for such discretionary transfer is two-fold.

First, the moving party must show that the transferee district is one in which the action originally "might have been brought."  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  This requirement is satisfied if the transferee court would have had subject matter jurisdiction at the time the action was filed, if the defendants would have been subject to personal jurisdiction in the transferee court, and if venue in the transferee court would have been proper.  *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

Second, the court ruling on the request to transfer must consider the convenience of the parties and witnesses, and whether the proposed transfer would be in the interests of justice. See *E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994); *Carolina*

1   *Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044, 1047-48 (N.D. Cal. 2001).

2   District courts should weigh multiple factors in determining whether to transfer venue,

3   including the following: "(1) plaintiff's choice of forum, (2) convenience of the parties; (3)

4   convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum

5   with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in

6   the controversy, and (8) relative court congestion and time of trial in each forum." *Carolina*

7   *Casualty Co., supra*, 158 F.Supp.2d at 1048.

8           2.      THIS ACTION COULD HAVE BEEN BROUGHT IN THE CENTRAL

9                   DISTRICT OF CALIFORNIA

10          There is no question that this action could have been brought in the Central District of

11  California because subject matter jurisdiction, personal jurisdiction, and venue would have

12  been proper there.  The Central District of California would have had subject matter

13  jurisdiction for the same reason as the Northern District of California, *i.e.*, the case was filed

14  under the federal Lanham Act.  As Cels resides in Los Angeles, personal jurisdiction and venue

15  also would have been proper in the Central District of California.  28 U.S.C. § 1391(d).

16  Accordingly, an order transferring this case the Central District of California would be proper

17  because it could have been brought in that District in the first place.

18          3.      THE RELEVANT FACTORS FAVOR TRANSFERRING THIS CASE

19                  TO THE CENTRAL DISTRICT OF CALIFORNIA

20          All of the relevant factors that can and should be given weight here militate in favor of

21  transferring this action to the Central District of California.

22                  a.      Airwair's Choice of Forum Should Be Accorded Little

23                          Deference

24          Although the general rule is that a plaintiff's choice of forum is given significant

25  weight, "'[t]he degree to which courts defer to the plaintiff's chosen venue is substantially

26  reduced where the plaintiff's venue choice is not its residence or where the forum lacks a

27  significant connection to the activities alleged in the complaint.'"  *Carolina Casualty Co.,*

28  *supra*, 158 F.Supp.2d at 1048 (quoting *Fabus Corp. v. Asiana Express Corp.*, 2001 WL

253185, at *1 (N.D. Cal. March 5, 2001)).  In determining the weight to be given to the plaintiff's choice, "consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to this cause of action.  If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or subject matter, the plaintiff's choice is entitled to only minimal consideration."  *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  Here, as set forth above, neither party is a resident of the Northern District of California.  Further, Cels had no contacts with the chosen forum other than the minimal, occasional sales made into the District.  Accordingly, little, if any, deference should be given to the fact that Airwair chose to file the instant action in this judicial district.

To the extent that Airwair chose this forum for the purpose of receiving more favorable rulings, such choice should be accorded even less deference.  "If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference."  *Carolina Casualty, Co., supra*, 158 F.Supp.2d at 1048; *Pierce v. Coughlin*, 806 F.Supp. 426, 429 (S.D.N.Y. 1992) ("where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter, plaintiff's choice of forum is entitled to no weight whatever, and transfer of venue is appropriate.")  Some courts consider improper forum shopping to be the most important factor in determining whether to transfer venue.  See *Banga v. First USA, NA*, 2010 WL 727749, at *3 (E.D. Cal. March 2, 2010).  As set forth above, the Northern District of California has no connection to this action.  To the extent that Airwair engaged in forum shopping, that is improper and should be disallowed.

Accordingly, based on the foregoing, Airwair's choice of forum should be given little, if any, weight in determining whether to transfer venue to the Central District of California.

///

///

///

1

                    b.       <u>Convenience of the Parties and Witnesses and Ease of</u>

2

                          <u>Access to Evidence Weigh in Favor of Transfer</u>

3         Cels is a resident of Los Angeles, as are Cels' attorneys.  Key witnesses of Cels include

4 Robert Goldman, President of Cels, Tracy Wass, Marketing Director of Cels, Dale Michaelson,

5 Sales Manager of Cels, and Tsering Namgyal who is in charge of Cels' brand management.

6 Mr. Goldman is expected to testify on the operations of Cels, its long history and relationship

7 with the Chinese factory who manufactured the shoes at issue, Cels' development, ownership

8 and enforcement of its own intellectual property and efforts to ensure non infringement of

9 others' intellectual property.  Tsering Namgyal will testify on Cels' development of the

10 footwear design at issue in this case.  Tracy Wass will testify on Cels' marketing activities, and

11 Dale Michaelson will testify on Cels' sales of the footwear at issue.  All of these witnesses

12 reside in Los Angeles.  Similarly, Cels' documentary evidence and samples of footwear are all

13 located in Los Angeles.

14         Airwair is based in England.  It is therefore no more convenient for Airwair to litigate

15 this case in the Northern District than Central District of California.  On balance, because Cels,

16 its counsel, its witnesses and evidence are all located in the Central District of California, the

17 convenience of the parties and witnesses, and ease of access to evidence, all weigh in favor of

18 transferring the case to the Central District.  See *Lucas v. Daiichi Sankyo Co., Inc.*, 2011 WL

19 2020443, at *3 (finding that because the plaintiff, his counsel, and the defendant's counsel

20 lived in the Central District of California, the Central District was a more convenient venue

21 than the Northern District of California.)

22

                    c.       <u>Both Forums Are Familiar with the Applicable Law</u>

23         The factor considering familiarity of each forum with the applicable law is neutral, as

24 courts in both the Central and Northern Districts of California are equally versed in federal

25 trademark law.  See *Amini Innovation Corp v. JS Imports Inc.*, 497 F.Supp.2d 1093, 1112

26 (C.D. Cal. 2007).

27 ///

28 ///

1            d.      There is No Feasibility of Consolidation With Other

2                    Actions

3          There are no other actions related to this one, and thus no actions with which this action

4   could be consolidated.  Hence, this factor is neutral with respect to the transfer analysis.

5            e.      Local Interest in the Controversy Weighs in Favor of

6                    Transfer

7          As set forth above, this District has no particular interest in this controversy.  Neither

8   party is a resident of the Northern District.  Nor did the conduct that gave rise to the claim take

9   place in this District.  The Central District, however, does have a local interest in the

10  controversy.  Cels is a resident of that District.  Its retail stores are located there, which sold the

11  allegedly infringing footwear to the residents of that District.  Clearly, the Central District has

12  an interest in the proper resolution of the case.  This factor weighs in favor of transfer.

13           f.      Relative Court Congestion Weighs in Favor of Transfer

14         "The key inquiry in docket congestion is whether a trial may be speedier in another

15  court because of its less crowded docket."  *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,

16  472 F.Supp.2d 1183, 1196 (S.D. Cal. 2007).  Cels is not familiar with the current docket of the

17  Court.  According to Federal Court Management Statistics September 2013, available at

18  http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-

19  september-2013.aspx, the Central District of California ranked 12th in average time to trial

20  with 19.9 months, and the Northern District was 38th with 27.4 months.  Based on this

21  statistics, the Central District on average is significantly speedier.  Therefore, this factor also

22  weighs in favor of transferring this case to the Central District of California.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## IV.     CONCLUSION

For all of the foregoing reasons, Cels respectfully requests that the Court dismiss this action for improper venue or, in the alternative, transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

DATED:  January 30, 2014          SEDGWICK LLP


By: _/s/ Heather L. McCloskey_
Robert F. Helfing
Heather L. McCloskey
Xiaoyi Yao
Attorneys for Defendant
CELS ENTERPRISES, INC.