1 **BRYAN CAVE LLP**
Marcy J. Bergman, California Bar No. 75826
2 Stephanie A. Blazewicz, California Bar No. 240359
Robert J. Esposito, California Bar No. 267031
3 560 Mission Street, 25th Floor
San Francisco, CA 94105
4 Telephone:     (415) 675-3400
Facsimile:      (415) 675-3434
5 Email:          marcy.bergman@bryancave.com
                stephanie.blazewicz@bryancave.com
6                robert.esposito.@bryancave.com

7 **Attorneys for Plaintiff**
AIRWAR INTERNATIONAL LTD,
8 a Company of the United Kingdom

9                **UNITED STATES DISTRICT COURT**

10                **NORTHERN DISTRICT OF CALIFORNIA**

11

12 AIRWAIR INTERNATIONAL LTD, a          Case No. 3:13-cv-04312-EMC
   Company of the United Kingdom,
13                                         **OPPOSITION OF PLAINTIFF**
                        Plaintiff,         **AIRWAIR INTERNATIONAL LTD. TO**
14                                         **DEFENDANT'S MOTION TO DISMISS**
        vs.                                **FOR IMPROPER VENUE OR, IN THE**
15                                         **ALTERNATIVE, TO TRANSFER**
   CELS ENTERPRISES, INC. D/B/A/           **VENUE FOR CONVENIENCE**
16 CHINESE LAUNDRY, a New York
   Corporation; and DOES 1-50,
17
                        Defendants.        Date:   March 6, 2014
18                                         Time:   1:30 p.m.
                                           Courtroom: 5, 17th Floor
19

20                                         Complaint Filed:   September 9, 2013
                                           Trial Date:        Not Assigned
21

22

23

24

25

26

27

28

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

SF01DOCS\183837.3\0356612

# TABLE OF CONTENTS

Page

I.   INTRODUCTION. .................................................................................................. 1

II.  DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE SHOULD BE
     DENIED................................................................................................................. 2

     A.   Legal Standard for Motion to Dismiss for Improper Venue. .................................. 2

     B.   Venue Is Proper Under Section 1391(b)(2) Because a Substantial Part of the
          Events Giving Rise to the Claim Occurred in This Judicial District. ...................... 2

     C.   Venue Is Proper Because Defendant Resides in This Judicial District.................. 4

          1.   Defendant Resides in this Judicial District Because There Is Specific
               Jurisdiction over Defendant. ......................................................................... 4

               a.   The First Prong for Specific Jurisdiction Is Satisfied Because
                    Defendant Purposefully Directed Its Activities at This District. ..... 5

               b.   The Second Prong for Specific Jurisdiction Is Satisfied Because
                    AirWair's Claims Arise Out of Defendant's Activities in This
                    Judicial District. ................................................................................. 8

               c.   The Third Prong for Specific Jurisdiction Is Satisfied Because
                    the Exercise of Jurisdiction Is Reasonable...................................... 8

          2.   Defendant Resides in this Judicial District Because There Is General
               Jurisdiction over Defendant. ....................................................................... 10

III. DEFENDANT'S MOTION TO TRANSFER VENUE FOR THE CONVENIENCE
     OF THE PARTIES AND WITNESSES SHOULD BE DENIED................................... 11

     A.   Legal Standard for Motion to Transfer Venue for Convenience. .......................... 11

     B.   The Relevant Factors Weigh Against Transfer.................................................... 12

          1.   Plaintiff's Choice of Forum Weighs Against Transfer. ............................ 12

          2.   Convenience of the Parties and Witnesses Weighs Against Transfer. ..... 13

          3.   Ease of Access to Evidence Weighs Against Transfer. ............................ 13

          4.   Familiarity with Applicable Law, Feasibility of Consolidation with
               Other Claims, and the Local Interest in the Controversy Weigh Against
               Transfer. .................................................................................................... 14

          5.   Relative Court Congestion and Time of Trial Is Neutral.......................... 14

IV.  CONCLUSION........................................................................................................ 15

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

OPPOSITION TO MOTION TO DISMISS AND MOTION TO TRANSFER

# TABLE OF AUTHORITIES

**Page**

## Cases

*Adobe Sys. Inc. v. Childers,*
   5:10-CV-03571 JF/HRL, 2011 WL 566812 (N.D. Cal. Feb. 14, 2011)........................................6

*Allstar Marketing Group, LLC v. Your Store Online, LLC,*
   666 F. Supp. 2d 1109 (2009) .................................................................................................3, 11

*AT&T v. Compagnie Bruxelles Lambert,*
   1996 U.S. App. LEXIS 22664 (9th Cir. Aug. 28, 1996) ..............................................................11

*Brayton Purcell LLP v. Recordon & Recordon,*
   606 F.3d 1124 (9th Cir. 2010)......................................................................................................7

*Chanel Inc. v. Yang,*
   C 12-4428 PJH, 2013 WL 5755217 (N.D. Cal. Oct. 21, 2013) ....................................................6

*Craigslist, Inc. v. Kerbel,*
   C-11-3309 EMC, 2012 WL 3166798 (N.D. Cal. Aug. 2, 2012) ...................................................6

*E&J Gallo Winery v. Grenade Bev. LLC,*
   2013 U.S. Dist. LEXIS 162568 (E.D. Cal. Nov. 14, 2013) .........................................................4

*Eliminator Custom Boats v. Am. Marine Holdings, LLC,*
   EDCV06-15VAPSGLX, 2006 WL 4941830 (C.D. Cal. Aug. 31, 2006) ......................................6

*Great Am. Ins. Co. of NY v. Nippon Yusen Kaisha,*
   2013 WL 3850675 (N.D. Cal. May 10, 2013) ..............................................................................2

*Guava Family, Inc. v. Guava Kids, LLC,*
   12CV2239 WQH BGS, 2013 WL 1742786 (S.D. Cal. Apr. 23, 2013) .........................................6

*Gucci America, Inc. v. Wang Huoqing,*
   2011 U.S. Dist. LEXIS (N.D. Cal. Jan. 3, 2011)...................................................................5, 8, 9

*Hansell v. Tracfone Wireless, Inc.,*
   2013 U.S. Dist. LEXIS 167423 (N.D. Cal. Nov. 22, 2013) ..................................................12, 13

*Hayashi v. Red Wing Peat Corp.,*
   396 F.2d 13 (9th Cir. Wash. 1968) .............................................................................................11

*Jones v. GNC Franchising, Inc.,*
   211 F.3d 495 (9th Cir. 2000)......................................................................................................12

*Kaur v. US Airways, Inc.,*
   2013 U.S. Dist. LEXIS 64519 (N.D. Cal. May 6, 2013)..............................................................13

*Lang v. Morris,*
   823 F. Supp. 2d 966 (N.D. Cal. 2011)........................................................................................7, 8

*Leroy-Garcia v. Brave Arts Licensing,*
   2013 U.S. Dist. LEXIS 109872 (N.D. Cal. Aug. 5, 2013)...................................................2, 3, 6

*Love v. Associated Newspapers, Ltd.,*
   611 F.3d 601 (9th Cir. 2010).......................................................................................................7

*Mavrix Photo, Inc. v. Brand Techs., Inc.,*
   647 F.3d 1218 (9th Cir. 2011)....................................................................................................10

*Murphy v. Schneider Nat'l, Inc.,*
   362 F.3d 1133 (9th Cir. 2004).....................................................................................................2

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

OPPOSITION TO MOTION TO DISMISS AND MOTION TO TRANSFER

*Natural Wellness Ctrs. of Am., Inc. v. J.R. Andorin, Inc.*,
2012 U.S. Dist. LEXIS 7877 (N.D.Cal. Jan. 24, 2012)................................................5

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998)...................................................................................9

*R. Griggs Group Ltd. v. Consolidated Shoe, Inc.*,
1999 U.S. Dist. LEXIS 5426 (N.D. Cal. April 8, 1999) ..........................................3, 8

*Sanrio, Inc. v. Jay Yoon*,
5:10-CV-05930 EJD, 2012 WL 610451 (N.D. Cal. Feb. 24, 2012)............................6

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004).................................................................................5, 8

*Sutter Home Winery, Inc., v. Madrona Vineyards, L.P.*,
2005 U.S. Dist. LEXIS 4581 (N.D. Cal. March 23, 2005) ..........................................3

*True Health Chiropractic, Inc. v. McKesson Corp.*,
2013 U.S. Dist. LEXIS 161275 (N.D. Cal. Nov. 12, 2013) ...........................11, 12, 13

*Tuazon v. R.J. Reynolds Tobacco Co.*,
433 F.3d 1163 (9th Cir. 2006).................................................................................10

**Statutes**

28 U.S.C. § 1391(b)(1) .............................................................................1, 4, 10, 15

28 U.S.C. § 1391(b)(2) ....................................................................................passim

28 U.S.C. § 1391(d) ...........................................................................................1, 4

28 U.S.C. § 1404(a) ..............................................................................................11

**Rules**

Fed. R. Civ. P. 12(b) ..............................................................................................2

Fed. R. Civ. P. 12(b)(3) ..........................................................................................2

Fed. R. Civ. P. 12(c) ..............................................................................................2

Fed. R. Civ. P. 12(h)(1)...........................................................................................2

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

OPPOSITION TO MOTION TO DISMISS AND MOTION TO TRANSFER

# I.   **INTRODUCTION.**

The Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer filed by Defendant Cels Enterprises, Inc. should be denied.  Venue is proper in a judicial district in which a substantial part of the events giving rise to the claim occurred.  *See* 28 U.S.C. § 1391(b)(2).  Defendant's motion does not consider or even mention Section 1391(b)(2).  This venue provision applies here, because Defendant admits that it does business in the Northern District of California, and Defendant sold the infringing shoes and boots ("Infringing Footwear") in the Northern District of California.  The Court should deny Defendant's Motion to Dismiss for Improper Venue on this basis alone and need not address Defendant's arguments related to where it "resides" for venue purposes under 28 U.S.C. § 1391(b)(1).

Even under Section 1391(b)(1), which the Court need not reach, venue is proper.  Under Section 1391(b)(1), the Court must determine where Defendant resides, which requires an analysis as to whether Defendant would be subject to personal jurisdiction in the Northern District of California, were this District a separate state.  *See* 28 U.S.C. § 1391(d).  Defendant would be subject to personal jurisdiction in this District because it conducts business in this District and sold the Infringing Footwear in this District.  The "minimum contacts" test for specific jurisdiction is thus satisfied.  Furthermore, in light of the continuous and systematic relationships that Defendant has with retailers in this District, Defendant may also be subject to general jurisdiction.

Defendant's Motion to Transfer Venue for the convenience of the parties and witnesses should also be denied.  Defendant has failed to meet its burden of establishing that a transfer would be appropriate.  Nor can it meet this heavy burden.  AirWair's claims arise out of Defendant's conduct in this District.  Additionally, in light of the number of cases involving AirWair's trademarks and trade dress that previously have been filed and are currently pending in this District, this District has a particular familiarity and interest in resolving this matter.  Defendant fails to establish that any factor weighs in favor of transfer to the Central District of California.

For these reasons, Defendant's motion should be denied in its entirety.

///

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  **II.     DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE SHOULD BE**

2       **DENIED.**

3      A.    <u>Legal Standard for Motion to Dismiss for Improper Venue.</u>

4      "Venue over trademark claims is governed by the general venue statute, 28 U.S.C. §

5  1391." *Leroy-Garcia v. Brave Arts Licensing*, 2013 U.S. Dist. LEXIS 109872, *41 (N.D. Cal.

6  Aug. 5, 2013).  Section 1391(b) provides that a civil action may be brought in:

7             (1) a judicial district in which any defendant resides, if all defendants are
           residents of the State in which the district is located;

8

9             (2) a judicial district in which a substantial part of the events or omissions
           giving rise to the claim occurred, or a substantial part of property that is
           the subject of the action is situated; or

10

11             (3) if there is no district in which an action may otherwise be brought as
           provided in this section, any judicial district in which any defendant is
           subject to the court's personal jurisdiction with respect to such action.

12

13      Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(3).[1]  When

14  ruling on a motion under Rule 12(b)(3), the Court may consider facts outside the pleadings, but "is

15  obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual

16  conflicts in favor of the non-moving party."  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138

17  (9th Cir. 2004).

18      B.    <u>Venue Is Proper Under Section 1391(b)(2) Because a Substantial Part of the Events</u>

19             <u>Giving Rise to the Claim Occurred in This Judicial District.</u>

20      Defendant ignores the fact that venue is proper in "a judicial district in which a substantial

21  part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(2).

22      "In a trademark suit brought under the Lanham Act, a substantial part of the events giving

23  rise to the claims occur in any district where consumers are likely to be confused by the accused

24

---

25  [1] Under Rule 12(h)(1), a defense based on improper venue is not waived if asserted in the first
responsive pleading—here, Defendant's answer, filed on January 24, 2014.  But Defendant's

26  motion is untimely under Rule 12(b), which states: "A motion asserting any of these defenses
[under Rule 12(b)(1)–(7)] must be made *before* pleading if a responsive pleading is allowed."

27  (Emph. added).  If not denied as untimely, Defendant's motion would only be proper if converted
to a motion for judgment on the pleadings pursuant to Rule 12(c) and analyzed under the rubric of

28  Rule 12(b)(3).  *See Great Am. Ins. Co. of NY v. Nippon Yusen Kaisha*,  2013 WL 3850675, at *2–3
(N.D. Cal. May 10, 2013).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    goods, whether that occurs solely in one district or in many." *Allstar Marketing Group, LLC v.*

2    *Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1128 (2009); *see also R. Griggs Group Ltd. v.*

3    *Consolidated Shoe, Inc.*, 1999 U.S. Dist. LEXIS 5426, *12 (N.D. Cal. April 8, 1999) ("Because

4    there is evidence that both Griggs' shoes and defendants' shoes are sold in this district, this is one

5    of the districts in which confusion is likely to occur.").

6         Here, Defendant admits that it sells its products in the Northern District of California.

7    (Declaration of Miryan Nogueira ("Nogueira Decl."), ¶ 4.)  Defendant's products are sold at a

8    number of brick-and-mortar stores in the Northern District of California, including Macy's,

9    Nordstrom, and DSW (Designer Shoe Warehouse).  (Declaration of Stephanie A. Blazewicz

10   ("Blazewicz Decl."), ¶¶ 5, 7, 9, Exs. 4, 6, 8.)  Indeed, Defendant has sold the Infringing Footwear

11   to customers in the Northern District of California through its website, chineselaundry.com.

12   (Blazewicz Decl., ¶¶ 2, 12, Exs. 1, 11.)  Defendant also has sold and/or sells the Infringing

13   Footwear at numerous third party websites, such as Amazon.com, Zappos.com, DSW.com,

14   NastyGal.com, Macys.com, and Nordstrom.com, all of which ship to customers in the Northern

15   District of California.  (Blazewicz Decl., ¶¶ 6, 8, 10, 11, 12, Exs. 5, 7, 9, 10, 11.)  In addition,

16   AirWair's footwear and Defendant's footwear have been and are currently sold not only in this

17   district but in the same stores within this district.  (Blazewicz Decl., ¶ 13.)  Thus, confusion is

18   likely to occur in this District.  *See R. Griggs Group Ltd.*, 1999 U.S. Dist. LEXIS 5426, *12

19   (denying motion for improper venue where Dr. Martens and defendant's shoes were sold in the

20   Northern District of California).

21        Defendant does not argue that its sales in the Northern District of California are not

22   "substantial" enough to support venue in this District.  Nor can it.  Courts have rejected arguments

23   that venue is improper under 28 U.S.C. § 1391(b)(2) because only a  small percentage of sales

24   were made in or shipped to a certain district.  *See, e.g., Leroy-Garcia*, 2013 U.S. Dist. LEXIS

25   109872, at *41–45 (finding venue proper for Lanham Act and state law claims where sales of the

26   allegedly infringing goods constituted barely 1% of Defendants' combined business in the United

27   States); *see also Sutter Home Winery, Inc., v. Madrona Vineyards, L.P.*, 2005 U.S. Dist. LEXIS

28   4581, (N.D. Cal. March 23, 2005) ("While it is true that defendant's wine is produced in the

BRYAN CAVE LLP
560 MISSION STREET, 25ᵀᴴ FLOOR
SAN FRANCISCO, CA 94105

OPPOSITION TO MOTION TO DISMISS AND MOTION TO TRANSFER

BRYAN CAVE LLP
560 MISSION STREET, 25™ FLOOR
SAN FRANCISCO, CA 94105

1   Eastern District of California and its sales in this district appear to be relatively modest, neither of

2   these facts eliminates the possibility that some potential purchasers of plaintiff's wine who reside

3   in this district may be confused by defendant's use of the 'Melange de Trois' mark."); *E&J Gallo*

4   *Winery v. Grenade Bev. LLC*, 2013 U.S. Dist. LEXIS 162568, *11 (E.D. Cal. Nov. 14, 2013)

5   (holding that venue was proper where infringing product was sold directly to one establishment

6   and indirectly to six establishments in that district).

7          Defendant's sales of the Infringing Footwear in the Northern District of California are

8   "substantial," and these are the sales giving rise to the claims at issue in the Complaint.  Venue is

9   proper under Section 1391(b)(2), and Defendant's Motion to Dismiss for Improper Venue should

10  be denied on this basis alone.

11          C.    Venue Is Proper Because Defendant Resides in This Judicial District

12          Because venue is proper pursuant to 28 U.S.C. § 1391(b)(2), this Court need not address

13  Defendant's arguments related to where it resides for purposes of 28 U.S.C. § 1391(b)(1).  But,

14  even under this section of the venue statute, venue is proper and Defendant's motion fails.

15          28 U.S.C. section 1391(b)(1) provides that venue is proper in "a judicial district in which

16  any defendant resdies, if all defendants are residents of the State in which the district is located."

17  In a state such as California, which has more than one judicial district, a defendant shall be

18  deemed to reside in any district in this state "within which its contacts would be sufficient to

19  subject it to personal jurisdiction if that district were a separate [s]tate." 28 U.S.C. § 1391(d).

20  Here, there is only one defendant named in this action.  Thus, the Court must determine whether

21  Defendant would be subject to personal jurisdiction in the Northern District of California if this

22  District were a separate state. *See* 28 U.S.C. § 1391(d).  Because the Court may exercise either

23  specific or general jurisdiction over Defendant, AirWair addresses each form of jurisdiction

24  below.

25          1.    Defendant Resides in this Judicial District Because There Is Specific

26                Jurisdiction over Defendant.

27          Defendant correctly states the three-prong "minimum contacts" test for specific

28  jurisdiction, but misapplies the facts to the test. *See Schwarzenegger v. Fred Martin Motor Co.*,

1 | 374 F.3d 797, 802 (9th Cir. 2004) (setting forth the test for specific jurisdiction).   Defendant

2 | ignores the significant contacts it has in the Northern District of California.

3 |            a.       <u>The First Prong for Specific Jurisdiction Is Satisfied Because</u>

4 |                     <u>Defendant Purposefully Directed Its Activities at This District.</u>

5 |       The first prong of the "minimum contacts" test is satisfied by either purposeful availment

6 | or purposeful direction.  *Schwarzenegger*, 374 F.3d at 802.  Purposeful availment is most often

7 | used in contract cases, while purposeful direction is most often used in tort cases, which courts

8 | analogize to cases involving trademark infringement.  *See id.*; *see also Natural Wellness Ctrs. of*

9 | *Am., Inc. v. J.R. Andorin, Inc.*, 2012 U.S. Dist. LEXIS 7877, *12 (N.D.Cal. Jan. 24, 2012).  Here,

10 | Defendant has sufficient contacts with the Northern District of California to establish purposeful

11 | direction and satisfy the first prong for specific jurisdiction.

12 |       "A showing that a defendant purposefully directed his conduct toward a forum state . . .

13 | usually consists of evidence of the defendant's actions outside the forum state that are directed at

14 | the forum, such as the distribution in the forum state of goods originating elsewhere."  *Gucci*

15 | *America, Inc. v. Wang Huoqing*, 2011 U.S. Dist. LEXIS, *19-20 (N.D. Cal. Jan. 3, 2011).  "A

16 | defendant 'purposefully directs' activity at a forum state when he: (a) commits an intentional act,

17 | that is (b) expressly aimed at the forum state and that (c) causes harm that he knows is likely to be

18 | suffered in that jurisdiction."  *Id.* at *20.

19 |       First, Defendant does not address, and presumably does not dispute, that it committed an

20 | intentional act that satisfies the test.  The Ninth Circuit construes "intent" as "referring to an intent

21 | to perform an actual, physical act in the real world, rather than an intent to accomplish a result or

22 | consequence of that act."  *Schwarzenegger*, 374 F.3d at 806.  Here, there is no dispute that

23 | Defendant intended to sell, and sold, the Infringing Footwear in the Northern District of

24 | California.  (Blazewicz Decl., ¶¶ 2, 12, Exs. 1, 11.)

25 |       Second, Defendant has expressly aimed its conduct at the Northern District of California.

26 | In the trademark infringement context, District courts in the Ninth Circuit have consistently and

27 | uniformly held that the defendant's maintenance of an interactive, commercial website advertising

28 | and offering the infringing product for sale, combined with sales of the infringing product to

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

5

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  consumers in the relevant jurisdiction, is sufficient to establish express aiming under the second

2  prong of the *Calder* test. *See Guava Family, Inc. v. Guava Kids, LLC*, 12CV2239 WQH BGS,

3  2013 WL 1742786, *6-7 (S.D. Cal. Apr. 23, 2013) (ruling that sales of infringing products in

4  California, including to department stores, were sufficient to show conduct expressly aimed at the

5  forum); *Leroy-Garcia*, 2013 U.S. Dist. LEXIS 109872, at *38 (finding that even a modest amount

6  of infringing sales in the district is sufficient to show venue); *Chanel Inc. v. Yang*, C 12-4428 PJH,

7  2013 WL 5755217, *7 (N.D. Cal. Oct. 21, 2013) (ruling that operating an interactive commercial

8  website plus targeting and selling infringing handbags to consumers in California was sufficient to

9  show express aiming); *Sanrio, Inc. v. Jay Yoon*, 5:10-CV-05930 EJD, 2012 WL 610451, *3 (N.D.

10 Cal. Feb. 24, 2012) (ruling that maintaining an interactive commercial website plus infringing

11 sales in the state are sufficient to show purposeful direction); *Craigslist, Inc. v. Kerbel*, C-11-3309

12 EMC, 2012 WL 3166798, *5 (N.D. Cal. Aug. 2, 2012) (holding that an interactive commercial

13 website and sales in California were sufficient to establish purposeful direction); *Adobe Sys. Inc. v.*

14 *Childers*, 5:10-CV-03571 JF/HRL, 2011 WL 566812, *4 (N.D. Cal. Feb. 14, 2011) (ruling that an

15 interactive commercial website combined with "additional intentional activities aimed at

16 California" were sufficient to show express aiming); *Eliminator Custom Boats v. Am. Marine*

17 *Holdings, LLC*, EDCV06-15VAPSGLX, 2006 WL 4941830, *10 (C.D. Cal. Aug. 31, 2006)

18 (ruling that defendant purposefully directed its infringing activities at California by contracting

19 with a California dealer, which the defendant knew "would likely resell the [infringing] boats to

20 California residents").

21      Here, Defendant sells its products, including the Infringing Footwear, within this District.

22 (Blazewicz Decl. ¶¶ 2–13.)  Furthermore, Defendant operates a fully interactive website at

23 www.chineselaundry.com.  The website allows customers to make online purchases, including

24 purchases of the Infringing Footwear, check their order status online, email customer service, and

25 connect with Defendant's social media pages such as Facebook, Twitter, Tumblr, Instragram, and

26 Pinterest. (Blazewicz Decl., ¶ 3, Ex. 2.)  Defendant has also sold and offered for sale the

27 Infringing Footwear in many of the same stores in which AirWair's Dr. Martens® footwear is

28 sold, demonstrating that Defendant intended to compete directly with AirWair. (Blazewicz Decl.

1   ¶¶ 5, 7, 9, 13.)  Defendant's website also demonstrates that Defendant advertises its products in

2   magazines that are distributed in this District.  (Blazewicz Decl. ¶ 14, Ex. 12.)  Accordingly,

3   Defendant has expressly aimed its conduct at this District.

4         The case law cited by Defendant is inapposite.  In *Love v. Associated Newspapers, Ltd.*,

5   611 F.3d 601 (9th Cir. 2010), the plaintiff admitted that the actions giving rise to his injury—the

6   defendant's licensing and promotion of Beach Boys songs that the plaintiff had rights to—took

7   place solely in the United Kingdom.  Although the defendant had also contacted people in

8   California about potential licensing, nothing came of those discussions, so there were no actions

9   *giving rise to plaintiff's harm* that took place in California.  Here, Defendant sold the Infringing

10  Footwear in this District.  (Blazewicz Decl. ¶ 2, 12.)

11        *Lang v. Morris*, 823 F. Supp. 2d 966 (N.D. Cal. 2011) is distinguishable as well.  *Lang*

12  discusses a series of Ninth Circuit copyright cases, clarifying that under Ninth Circuit precedent,

13  mere knowledge of the plaintiff's residence in California is insufficient to show express aiming,

14  requiring instead "the defendant's competition with the plaintiff *in the forum* . . . ."  *Id.* at 972

15  (emph. in original).  Notably, the defendant in *Lang* had not authorized any resellers of the

16  allegedly infringing artwork in California and no infringing sales had been made in California.  *Id.*

17  at 970.  Citing *Love*, 611 F.3d at 609, this Court in *Lang* noted that if a defendant could show that

18  its allegedly infringing acts were "local" (i.e. on the defendant's home turf, outside of California),

19  "the fact that it caused harm to the plaintiff in the forum state, even if the defendant knew that the

20  plaintiff lived in the forum state, is insufficient to satisfy the effects test.'"  *Id.* at 973.  Here,

21  Defendant's infringing acts were not merely local (i.e. in the Central District)—Defendant sold

22  infringing footwear in the Northern District as well.  Therefore, the line of copyright cases

23  followed in *Lang* are inapposite to this case because those cases only concerned infringing

24  activities that took place *outside of the forum state* (i.e. "local" to the out-of-state defendant).

25        Accordingly, the second prong of the "purposefully directed" test is satisfied.

26        The third prong of the "purposefully directed" test "is satisfied when defendant's

27  intentional act has 'foreseeable effects' in the forum."  *Brayton Purcell LLP v. Recordon &*

28  *Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010).  Similar to the first prong, Defendant does not

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

OPPOSITION TO MOTION TO DISMISS AND MOTION TO TRANSFER

1   address, and presumably does not dispute, that this prong is satisfied. In any event, it was

2   foreseeable that AirWair would be harmed by Defendant's infringement of its trademarks,

3   including harm to its reputation, sales, and profits. It was also foreseeable that some of this harm

4   would occur in this Judicial District, where AirWair's Dr. Martens® footwear is sold in many of

5   the same retail locations as the Infringing Footwear sold by Defendant. (Blazewicz Decl., ¶ 13.)

6   *See R. Griggs Group Ltd.*, 1999 U.S. Dist. LEXIS 5426, *12 ("Because there is evidence that both

7   Griggs' shoes and defendants' shoes are sold in this district, this is one of the districts in which

8   confusion is likely to occur").

9       All three prongs of the "purposefully directed" test are satisfied, thus satisfying the first

10  prong of the test for specific jurisdiction.

11              b.    <u>The Second Prong for Specific Jurisdiction Is Satisfied Because</u>

12                    <u>AirWair's Claims Arise Out of Defendant's Activities in This</u>

13                    <u>Judicial District.</u>

14      As set forth above, Defendant's contacts with the Northern District of California are its

15  sales of the Infringing Footwear. Thus, "but for" Defendant's infringing activity, AirWair would

16  not have been injured. *See Gucci*, 2011 U.S. Dist. LEXIS, at *23–24.

17      Defendant's reliance on *Lang* in support of its argument for this prong is inapposite. In

18  *Lang*, the Court held that "the uncontradicted evidence is that [the defendant] has never sold her

19  art directly into California." 823 F. Supp. 2d at 977. Further, the limited contacts the defendant

20  did have did not form the basis of the plaintiffs' claims. *Id.* at 979. Here, it is undisputed that

21  Defendant has sold the Infringing Footwear in this Judicial District. (*See* Blazewicz Decl. ¶¶ 2,

22  12.) This sale of the Infringing Footwear forms the basis for AirWair's claims. Accordingly, the

23  second prong for specific jurisdiction is satisfied.

24              c.    <u>The Third Prong for Specific Jurisdiction Is Satisfied Because the</u>

25                    <u>Exercise of Jurisdiction Is Reasonable.</u>

26      After a plaintiff establishes the first two prongs of the "minimum contacts" test, the burden

27  shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would be

28  unreasonable. *See Schwarzenegger*, 374 F.3d at 802. Defendant fails to make such a showing

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   here.

2       First, Defendant asserts that is has not purposefully interjected itself into the Northern

3   District of California.  This position is untenable in light of the undisputed evidence that

4   Defendant generally sells its products in this District and has sold the Infringing Footwear in this

5   District. (Blazewicz Decl., ¶¶ 2–13.)  Thus, this factor weighs in favor of finding that the exercise

6   of jurisdiction is reasonable.

7       Second, Defendant presents *no evidence* relating to burden.  "A defendant's burden in

8   litigating in the forum is a factor in the assessment of reasonableness, but unless the inconvenience

9   is so great as to constitute a deprivation of due process, it will not overcome clear justifications for

10  the exercise of jurisdiction." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir.

11  1998) (internal citations omitted) (finding the burden on an individual living in Illinois to litigate

12  in Caliornia did not deprive him of due process); *see also Gucci*, 2011 U.S. Dist. LEXIS, at *26

13  (noting that the burden on a resident of China to litigate in California was significant, but not so

14  inconvenient as to deprive him of due process).  Here, Defendant is located in Southern California,

15  not another state or country.  Further, Defendant presents no evidence relating to the burden it will

16  incur as a result of litigating the this District.  Thus, this factor weighs in favor of AirWair.

17      Defendant fails to address the third factor relating to the extent of conflict with the

18  sovereignty of the defendant's state.  As there is no conflict with a different country or state, this

19  factor is neutral.

20      Fourth, Defendant sets forth no evidence in support of its assertion that this District has no

21  unique or particular interest in adjudicating this dispute.  In fact, AirWair currently has six other

22  cases pending in this District that are based on similar allegations and, in the past, has filed

23  numerous other complaints based on similar allegations.  (Blazewicz Decl. ¶ 15.)  Thus, this factor

24  weighs in favor of AirWair.

25      Fifth, "consideration of the most efficient judicial resolution is no longer weighed heavily

26  given the modern advances in communication and transportation." *Gucci*, 2011 U.S. Dist. LEXIS

27  783, at *26.  Thus, this factor is neutral.  *See id.*

28      Sixth, in light of this District's familiarity with AirWair's trademarks and previously filed

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    and currently pending cases, this District is important to AirWair's interest in convenient and

2    effective relief.  Thus, this factor weighs in favor of AirWair.

3          Seventh, although Defendant has suggested the Central District of California as an

4    alternate forum, as discussed above, it has presented no evidence in support of its arguments as to

5    why venue in the Northern District of California is unreasonable.  Thus, this factor weighs in favor

6    of AirWair.

7          For these reasons, Defendant has failed to make a compelling case that the exercise of

8    jurisdiction over Defendant in this District is unreasonable.  Thus, the third prong for specific

9    jurisdiction is satisfied.  Accordingly, this Court has specific jurisdiction over Defendant, and

10   Defendant's Motion to Dismiss for Improper Venue should be denied.

11               2.    <u>Defendant Resides in this Judicial District Because There Is General</u>

12                     <u>Jurisdiction over Defendant.</u>

13         "A court may assert general jurisdiction over foreign (sister-state or foreign-country)

14   corporations to hear any and all claims  against them when their affiliations with the State are so

15   continuous and systematic as to render them essentially at home in the forum State." *Mavrix*

16   *Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal citations omitted).

17   For general jurisdiction to exist, a defendant must engage in "continuous and systematic general

18   business contacts." *Id.*  "To determine whether a nonresident defendant's contacts are sufficiently

19   substantial, continuous, and systematic, we consider their '[l]ongevity, continuity, volume,

20   economic impact, physical presence, and integration into the state's regulatory or economic

21   markets.'" *Id.* at 1224 (*quoting Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th

22   Cir. 2006)).

23         Here, the Court does not need to reach the general jurisdiction analysis, because venue is

24   proper under 28 U.S.C. 1391(b)(2) and the specific jurisdiction analysis under 28 U.S.C.

25   1391(b)(1).  Regardless, Defendant admits that it conducts business in this District, and its sales in

26   this District appear to be widespread through several retailers and online sales.  (Nogueira Decl., ¶

27   4; Blazewicz Decl., ¶¶ 2–13.)  But, the majority of facts related to general jurisdiction over

28   Defendant are exclusively within the possession of Defendant.  Thus, should the Court choose to

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   conduct a general jurisdiction analysis, AirWair requests leave to conduct jurisdictional discovery.

2       The Court may permit discovery on a motion to dismiss for improper venue, and "indeed

3   should do so where discovery may be useful in resolving issues of fact presented by the motion,

4   particularly since the necessity of resolving such issues is created by the movant himself and the

5   relevant evidence is peculiarly within the movant's possession." *Hayashi v. Red Wing Peat Corp.*,

6   396 F.2d 13, 14 (9th Cir. Wash. 1968); *see also AT&T v. Compagnie Bruxelles Lambert*, 1996

7   U.S. App. LEXIS 22664 (9th Cir. Aug. 28, 1996) ("Discovery relating to personal jurisdiction

8   generally should be granted where pertinent facts bearing on the issue of jurisdiction are

9   controverted . . . or where a more satisfactory showing of the facts is necessary." (internal citations

10   omitted).)

11       Here, although Defendant has provided a limited declaration relating to its contacts within

12   the Northern District of California, there is no specificity regarding Defendant's relationships with

13   the retailers selling its footwear in this District, the contracts governing those relationships, the

14   longevity and continuity of its sales in this District, or the volume of sales in this District prior to

15   2013. Thus, to the extent a more extensive evidentiary record is necessary, AirWair requests that

16   the Court grant leave for it to conduct discovery on the issues related to personal jurisdiction and

17   venue in the Northern District of California.

18   **III.**   **DEFENDANT'S MOTION TO TRANSFER VENUE FOR THE CONVENIENCE**

19        **OF THE PARTIES AND WITNESSES SHOULD BE DENIED.**

20       A.   <u>Legal Standard for Motion to Transfer Venue for Convenience.</u>

21       "For the convenience of the parties and witnesses, in the interest of justice, a district court

22   may transfer any civil action to any other district or division where it might have been brought . .

23   . ." 28 U.S.C. § 1404(a). "The burden is on the moving party to establish that a transfer will allow

24   a case to proceed more conveniently and better serve the interests of justice." *Allstar*, 666

25   F.Supp.2d 1109, 1131 (C.D. Cal. 2009). Courts considering transfer must engage in a two-step

26   process. First, the Court must determine whether the action could have been brought in the

27   proposed district. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 2013 U.S. Dist. LEXIS

28   161275, *6 (N.D. Cal. Nov. 12, 2013). AirWair does not dispute this point. Second, the Court

1  must balance a number of factors in exercising its discretion when deciding whether to transfer.

2  The Ninth Circuit has noted that a court may consider factors such as:

3  > (1) the location where the relevant agreements were negotiated and
   > executed, (2) the state that is most familiar with the governing law,
4  > (3) the plaintiff's choice of forum, (4) the respective parties'
   > contacts with the forum, (5) the contacts relating to the plaintiff's
5  > cause of action in the chosen forum, (6) the differences in the costs
   > of litigation in the two forums, (7) the availability of compulsory
6  > process to compel attendance of unwilling non-party witnesses,
   > and (8) the ease of access to sources of proof.

7

8  *Hansell v. Tracfone Wireless, Inc.*, 2013 U.S. Dist. LEXIS 167423, *6 (N.D. Cal. Nov. 22, 2013)

9  (*quoting Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).  Consistent with

10 these factors, courts in the Northern District of California commonly articulate the following

11 relevant factors:

12 > (1) plaintiffs' choice of forum, (2) convenience of the parties, (3)
   > convenience of the witnesses, (4) ease of access to the evidence,
13 > (5) familiarity of each forum with the applicable law, (6) feasibility
   > of consolidation with other claims, (7) any local interest in the
14 > controversy, and (8) the relative court congestion and time of trial
   > in each forum.

15

16 *Id.* at *8.

17     Here, the factors do not weigh in favor of transfer.  Accordingly, Defendant's Motion to

18 Transfer Venue for the convenience of the parties and witnesses should be denied.

19     **B.**     The Relevant Factors Weigh Against Transfer.

20          **1.**     Plaintiff's Choice of Forum Weighs Against Transfer.

21     Courts ordinarily start "with a strong presumption in favor of the plaintiff's choice of

22 forum." *True Health Chiropractic, Inc. v. McKesson Corp.*, 2013 U.S. Dist. LEXIS 161275, *8

23 (N.D. Cal. Nov. 12, 2013).  Defendant's argument that AirWair's choice of forum should be given

24 less weight because it does not reside in this District and Defendant has minimal contacts with this

25 District is without merit.  As discussed above, a substantial part of AirWair's claims occurred in

26 this District.  Defendant admits that it sells its footwear in this District, and the Infringing

27 Footwear has been sold in this District.  (Blazewicz Decl. ¶¶ 2–13; Nogeira Decl. ¶ 4.)  Such sales

28 caused harm to AirWair in this District.  Further, AirWair currently has seven cases pending in

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   this District, all based on substantially the same trademarks and trade dress.  (Blazewicz Decl. 15.)

2           Further, Defendant's assertion that AirWair is "forum-shopping" is baseless.  Defendant

3   presents no evidence in support of this assertion.  Indeed, there is no evidence of unfavorable

4   precedent that AirWair is attempting to avoid.  *See True Health Chiropractic*, 2013 U.S. Dist.

5   LEXIS, at *8–14.  Further, even if the "lessened deference to a plaintiff's choice of forum renders

6   the defendant's burden easier, the burden on a motion to transfer must . . . remain with the

7   defendant on a motion to transfer."  *Id.* at 9-10.  Otherwise, "the transfer statute itself makes forum

8   shopping by defendants possible, which is equally undesirable."  *Id.*

9           For these reasons, AirWair's choice of forum weighs against transfer.

10          2.      Convenience of the Parties and Witnesses Weigh Against Transfer.

11          Defendant identifies four party witnesses that it asserts may have testimony relevant to the

12  issues in this action.  This factor does not turn, however, on the convenience of party witnesses.

13  *See Hansell*, 2013 U.S. Dist. LEXIS 167423, at *9–10.  "In considering the convenience of

14  witnesses, courts have recognized that the convenience of non-party witnesses is more important

15  than the convenience of party witnesses, including representatives of corporate parties."  *Kaur v.*

16  *US Airways, Inc.*, 2013 U.S. Dist. LEXIS 64519, *12 (N.D. Cal. May 6, 2013).  Defendant fails to

17  identify any non-party witness who would not be subject to the compulsory process of this Court.

18  *See Hansell*, 2013 U.S. Dist. LEXIS 167423, at *10.  Further, although Defendant emphasizes the

19  inconvenience to its counsel, "courts give no weight to inconvenience of counsel."  *Id.*  For these

20  reasons, balancing the convenience of the parties and witnesses weighs against transfer.

21          3.      Ease of Access to Evidence Weighs Against Transfer.

22          Defendant asserts in its Opposition that its "documentary evidence and samples of

23  footwear are all located in Los Angeles."  But, in light of the fact that most document production

24  in cases such as this one is done in an electronic format, this factor does not weigh in favor of

25  transfer.  Indeed, "[w]hen the evidence is in electronic form, this factor is neutral or carries

26  minimal weight."  *Hansell*, 2013 U.S. Dist. LEXIS 167423, at 10–11.  Further, as samples of the

27  Infringing Footwear already are located in this District, the samples in the possession of Defendant

28  do not tip this factor in favor of transfer.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

· BRYAN CAVE LLP
560 MISSION STREET, 25ᵀᴴ FLOOR
SAN FRANCISCO, CA 94105

1         4.     <u>Familiarity with Applicable Law, Feasibility of Consolidation with Other</u>

2                   <u>Claims, and the Local Interest in the Controversy Weigh Against Transfer.</u>

3       Although both the Northern and Central Districts of California likely are equally familiar

4 with federal trademark law, AirWair currently has seven pending cases in the Northern District of

5 California. (Blazewicz Decl. ¶ 15.) AirWair has also previously filed a number of other cases in

6 the Northern District based on substantially the same trademark. (*Id.*) Thus, this District is

7 familiar with the AirWair trademarks and trade dress at issue in this action. Further, the conduct

8 that gave rise to AirWair's claims took place in this District. Accordingly, these factors weigh

9 against transfer.

10         5.     <u>Relative Court Congestion and Time of Trial Is Neutral.</u>

11       Defendant asserts that this factor weighs in favor of transfer, because the average time to

12 trial is shorter in the Central District of California. But, this evidence is not conclusive as to

13 whether this Court's docket is more congested than any particular judge in the Central District.

14 Further, the same report cited by Defendant indicates that the time from filing to disposition is

15 only 1.7 months longer in the Northern District than the Central District.[2] Accordingly, this factor

16 is neutral.

17       For the foregoing reasons, the factors do not weigh in favor of transfer to the Central

18 District of California. Accordingly, Defendant's Motion to Transfer Venue should be denied.

19

20

21             *[The balance of this page is intentionally left blank.]*

22

23

24

25

26

27 [2] *See* http://www.uscourts.gov/uscourts/Statistics/FederalCourtManagementStatistics/2013/comparison-

28 districts-within-circuit-september-2013.pdf#page=9.

**IV.    CONCLUSION.**

As set forth above, venue is proper in the Northern District of California under 28 U.S.C. 1391(b)(1) and (b)(2), because a substantial part of the events giving rise to AirWair's claims arose in this District and the Court has personal jurisdiction over Defendant.  Defendant has also failed to meet its burden in demonstrating that this action should be transferred to the Central District of California.  The balancing of the factors weighs heavily against transfer of this action. Accordingly, Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue should be denied in its entirety.

Dated: February 13, 2014                          **BRYAN CAVE LLP**


By:   _/s/ Stephanie A. Blazewicz_

Attorneys for Plaintiff
AIRWAR INTERNATIONAL LTD,
a Company of the United Kingdom