ROBERT F. HELFING (Bar No. 90418)
robert.helfing@sedgwicklaw.com
HEATHER L. MCCLOSKEY (Bar No. 193239)
heather.mccloskey@sedgwicklaw.com
XIAOYI YAO (Bar No. 261290)
xiaoyi.yao@sedgwicklaw.com
SEDGWICK LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant
CELS ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> CELS ENTERPRISES, INC. D/B/A CHINESE LAUNDRY, et al., <br><br> Defendant. | Case No. CV13-04312 EMC <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FRCP 12(b)(3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE FOR CONVENIENCE PURSUANT TO 28 USC § 1404(a)** <br><br> Date: March 6, 2014 <br> Time: 1:30 p.m. <br> Place: Courtroom 5 |

Defendant Cels Enterprises, Inc. ("Cels") respectfully submits the following Reply in support of its Motion to Dismiss Action for Improper Venue Pursuant to F.R.C.P. Rule 12(b)(3) or, in the alternative, to Transfer Venue for Convenience Pursuant to 28 U.S.C.§ 1404 (a):

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    CELS' MOTION TO DISMISS FOR IMPROPER VENUE SHOULD BE GRANTED ..............................................................................................................2

    A.     Plaintiff Has the Burden of Proving that Venue is Proper...................................2

    B.     Airwair Fails to Show that a Substantial Part of the Events Giving Rise to the Claim Occurred in This Judicial District ...........................................2

    C.     Airwair Fails to Show that Cels Resides in This District .....................................6

        1.     Airwair Fails to Establish that This Judicial District Has General Jurisdiction Over Cels .................................................................6

        2.     Airwair Fails to Establish that This Judicial District Has Specific Jurisdiction Over Cels...........................................................7

            a.     Airwair Fails to Show that Cels Purposefully Directed Its Activities at This District ..........................................7

                (1)     Airwair Fails to Show that Cels Expressly Aimed at This District............................................................8

                (2)     Airwair Fails to Show that Cels Caused Foreseeable Harm in This District ...................................10

            b.     Airwair Fails to Show that Its Claims Arise Out Of Cels' Forum-Related Activities ...................................................10

            c.     Cels Has Shown that the Exercise Of Personal Jurisdiction Over Cels Would Be Unreasonable, Which Airwair fails to contradict ................................................10

                (1)     There Was No Purposeful Interjection Into This District By Cels..........................................................11

                (2)     Defense In This District Is More Burdensome ......................................................................11

                (3)     This District Has No Interest In This Dispute ..........................................................................11

                (4)     Efficient Resolution Weighs In Favor Of Dismissal.......................................................................11

                (5)     Importance Of The Forum Favors Dismissal...................12

                (6)     Availability Of Alternate Forum Favors Dismissal............................................................................12

| | | | |
|---|---|---|---|
| III. | ALTERNATIVELY, CELS' MOTION TO TRANSFER FOR CONVENIENCE SHOULD BE GRANTED | | 12 |
| | A. | This Action Could Have Been Brought in the Central District of California | 13 |
| | B. | The Relevant Factors Favor Transferring This Case to the Central District of California | 13 |
| | | 1. Airwair's Choice of Forum Should Be Accorded Little Deference | 13 |
| | | 2. Convenience of the Parties and Witnesses and Ease of Access to Evidence Weigh in Favor of Transfer | 14 |
| | | 3. Both Forums Are Familiar with the Applicable Law | 14 |
| | | 4. There is No Feasibility of Consolidation With Other Actions | 14 |
| | | 5. Local Interest in the Controversy Weighs in Favor of Transfer | 15 |
| | | 6. Relative Court Congestion Weighs in Favor of Transfer | 15 |
| IV. | CONCLUSION | | 15 |

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
  666 F. Supp. 2d 1109 (C.D. Cal. 2009) .......................................................................... 2, 4

*Bancroft & Masters, Inc. v. Augusta Net. Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ........................................................................................ 10

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ....................................................................................................... 10

*Calder v. Jones*,
  465 U.S. 783 (1984) ......................................................................................................... 7

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*,
  334 F3d 390 (4th Cir. 2003) ............................................................................................ 7

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
  472 F.Supp.2d 1183 (S.D. Cal. 2007) ............................................................................ 15

*Dole Food Co., Inc. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) ......................................................................................... 8

*E & J Gallo Winery v. Grenade Beverage LLC, Slip Copy*,
  2013 WL 6048140 (E.D. Cal. 2013) ................................................................................ 5

*eBay Inc. v. Digital Point Solutions, Inc.*,
  608 F.Supp.2d 1156 (N.D.Cal.2009) ............................................................................... 2

*Great Am. Ins. Co. of New York v. Nippon Yusen Kaisha*,
  2013 WL 3850675 (N.D. Cal. 2013) ............................................................................... 2

*Hallett v. Morgan*,
  287 F.3d 1193 (9th Cir. 2002) ......................................................................................... 6

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir.2000) .......................................................................................... 12

*Lang v. Morris*,
  823 F. Supp. 2d 966 (N.D. Cal. 2011) ............................................................................. 9

*Laub v. United States DOI*,
  342 F.3d 1080 (9th Cir. 2003) ......................................................................................... 6

*Leroy-Garcia v. Brave Arts Licensing*,
  2013 WL 4013869 (N.D. Cal. 2013) ................................................................... 5, 13, 14

*Love v. Associated Newspapers, Ltd.*,
  611 F.3d 601 (9th Cir. 2010) ........................................................................................... 9

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir.2003) ........................................................................................ 2

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955) ...................................................................................................... 12

*Pebble Beach Co. v. Caddy*,
    453 F3d 1151 (9th Cir. 2006) ....................................................................................... 7

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F.2d 491 (9th Cir.1979) ......................................................................................... 2

*R. Griggs Group Ltd. v. Consolidated Shoe, Inc.*,
    1999 WL 226211 (N.D. Cal. 1999) .................................................................... 4, 5, 12

*Sutter Home Winery, Inc. v. Madrona Vineyards, L.P.*,
    2005 WL 701599 (N.D. Cal. 2005) ........................................................................ 5, 6

*Terracom v. Valley Nat. Bank*,
    49 F.3d 555 (9th Cir.1995) ........................................................................................... 7

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
    556 F.2d 406 (9th Cir. 1977) .................................................................................... 6, 7

**<u>Statutes</u>**

28 United States Code Section 1391(d) ............................................................................... 6

28 United States Code Section 1404(a) ....................................................................... 12, 15

Federal Rule of Civil Procedure 12(b)(3) ............................................................................ 6

## I. INTRODUCTION

The facts are clear that Cels neither resides nor does substantial business in this judicial district and, therefore, venue is not proper here. Airwair fails to contradict any of the facts that support dismissal for improper venue. Airwair concedes that, in order for venue to be proper in this judicial district, a substantial part of the events giving rise to the claim must have occurred herein and that, in a trademark suit, venue is proper in any district where consumers are likely to be confused by the accused product. There is no evidence at all that any consumer purchased the "Nailpolish" shoe style in this judicial district. Airwair only offers evidence that some of Cels' *other* footwear (not the infringing style) were sold by three third-party stores within the judicial district at the time Airwair's counsel visited those stores, but offers no evidence of infringing sales. Cels itself admits that it made minimal sales (just 72 pairs) of the purportedly infringing shoes to two on-line retailers with an address within the district, but such sales are insufficient to justify venue. Likewise, Airwair's evidence that Cels' products (*other* than the purportedly infringing shoes) are sold at some of the largest online retailers doesn't establish any contacts between Cels and this judicial district.

Similarly, Airwair has failed to show that Cels expressly aimed any conduct at Airwair in this judicial district. This is especially true, given that Airwair is based in England, and has no major presence in this district. That Cels' products are sold by certain third-party on-line retailers who also carry hundreds of other brands does not support a finding that Cels specifically targeted any of those other brands, including Airwair.

Even if venue were proper, it is undisputed that the Central District is a more convenient venue given that Cels, its witness and evidence are all located there. Airwair cannot dispute that it is more difficult for Cels to litigate this case in the Northern District than in the Central District, where Cels is located, the witness and evidence are located. While Airwair arbitrarily chose to file other cases in this District, those cases are all unrelated to this case, and present no support for venue in this case. Therefore, Cels' motion to dismiss or transfer venue to the Central District of California should be granted.

## II. CELS' MOTION TO DISMISS FOR IMPROPER VENUE SHOULD BE GRANTED

### A. <u>Plaintiff Has the Burden of Proving that Venue is Proper</u>

In opposing a motion to dismiss for improper venue, plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California.") The Court need not accept plaintiff's venue allegations in the complaint as true, and "may consider evidence outside the pleadings." *eBay Inc. v. Digital Point Solutions, Inc.*, 608 F.Supp.2d 1156, 1161 (N.D.Cal.2009).[1]

### B. <u>Airwair Fails to Show that a Substantial Part of the Events Giving Rise to the Claim Occurred in This Judicial District</u>

The standard for determining whether a "substantial part of the events" occurred in this judicial district presented in Airwair's own authorities is clearly not met here. In *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1129 (C.D. Cal. 2009), the court found that, to show a substantial part of the events giving rise to the claim occurred in the district, the plaintiff must show that "a substantial amount of infringing sales occurred in this district."

As detailed in Cels' moving papers, Cels has made minimal, occasional sales of shoes (***not*** including the purportedly infringing product) to customers within this judicial district. As for the allegedly infringing style at issue, "Nailpolish," Cels sold that style to just two customers with any connection to this judicial district – both online resellers with an address in the Northern District. Cels sold a total of 72 pairs to those customers, which constituted less than 3.3% of Cels' total sales on that style. (Nogueira Supp. Dec., ¶2.) Of course, given the

---

[1] Cels preserved the improper venue defense by asserting it in the Answer. (Doc. #17, ¶¶8, 70, 71.) It now properly moves to dismiss Airwair's complaint for improper venue. The Court should analyze this Motion under Rule 12(b)(3). See *Great Am. Ins. Co. of New York v. Nippon Yusen Kaisha*, 2013 WL 3850675 (N.D. Cal. 2013), ("… even after a responsive pleading has been filed which preserves the defense of improper venue based on a forum selection clause, a motion to dismiss brought on those grounds must be analyzed under Rule 12(b)(3) because of the particular procedures the Ninth Circuit established in Murphy."), citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir.2003) Airwair agrees that Rule 12(b)(3) governs. (Doc. #21, n. 1.)

1   nature of on-line retail sales, there is no evidence that any of those shoes were sold to
2   customers within this judicial district.  Cels made no other sales of "Nailpolish" in this district,
3   nor did it conduct any marketing activities in the district regarding that shoe style.  Even as to
4   those transactions with the on-line retailers with addresses in the Northern District, the
5   transaction took place *outside* this judicial district: the footwear was manufactured in China,
6   Cels communicated with that customer out of its Los Angles offices, and shipped the footwear
7   from its Los Angeles warehouse.  Clearly, no substantial part of the events giving rise to the
8   claim occurred in this judicial district.

9       The only evidence presented by Airwair also fails to establish that a "substantial
10  amount of infringing sales" occurred in this judicial district – in fact, it fails to establish a
11  single infringing sale was made by Cels in this district.  Airwair presents the following
12  evidence: (1) both Airwair and Cels' footwear (but ***not*** the "Nailpolish" style) are offered for
13  sale at the Macy's, Nordstrom, and DSW stores in San Francisco (Doc. #21-1, 5, 7, 9, Exs. 4, 6,
14  8); (2) Airwair's counsel purchased the Nailpolish style through the website
15  www.chineselaundry.com (Doc. #21-1, 2, Ex. 1); (3) webpages of third party retailers that
16  depict styles *other than* Nailpolish (Doc. #21-1, 6, 8, 10, 11, 12, Exs. 5, 7, 9, 10, 11).  These
17  facts are not evidence of infringing sales within this judicial district.

18      First, in the photos Airwair submitted to show that Cels' footwear were being sold at
19  Macy's, DSW and Nordstrom in San Francisco, the Nailpolish style is simply not among the
20  styles shown.  (Doc. #21-1, 5, 7, 9, Exs. 4, 6, 8.)  In fact, Airwair acknowledges that Nailpolish
21  is ***not*** sold in any of the stores surveyed.  Ms. Blazewicz's declaration merely states that
22  "Defendant's footwear" (and ***not*** the infringing style) was sold in those stores.  (*Id.*)  As
23  Nailpolish is the only style Airwair has identified as infringing, the sales of Cels' other styles
24  are simply irrelevant to whether a substantial amount of infringing sales occurred in this
25  judicial district.

26      Similarly, none of the third-party webpages submitted by Airwair show the Nailpolish
27  style at issue.  (Doc. #21-1, 6, 8, 10, 11, 12, Exs. 5, 7, 9, 10, 11).  Airwair also fails to submit
28  evidence of actual sales made by any third parties in this judicial district.  Even assuming there

1    were evidence that those third parties made infringing sales in this district, those sales by third

2    parties are irrelevant to the claims against Cels.  Airwair fails to provide any basis to argue

3    otherwise.  Likewise, none of the sales made through the website www.chineselaundry.com are

4    attributable to Cels.  This website is owned and operated by a distinct entity, Chinese Laundry

5    LifeStyle NV, LLC, not Cels.  (Nogueira Supp. Dec., ¶3.)

6           Accordingly, Airwair has failed to offer any evidence of infringing sale by Cels, let

7    alone evidence that Cels conducted a substantial amount of infringing sales in this judicial

8    district.

9           Moreover, the authorities on which Airwair relies do nothing to assist Airwair in

10   establishing that venue is proper in this district.  In *Allstar*, the court found that to show a

11   substantial part of the events giving rise to the claim occurred in the district, the plaintiff must

12   show that "a substantial amount of infringing sales occurred in this district."  *Allstar Mktg.*

13   *Grp., LLC v. Your Store Online, LLC*, *supra*, at 1129.  The court found the plaintiff *failed* to

14   make such showing, but ultimately accepted plaintiff's venue allegations only because they

15   were uncontradicted by defendants, "considering defendants' superior access to proof

16   regarding their sales in this district."  *Id.*  Here, the uncontroverted evidence shows that Cels

17   only made just two sales of a small amount of the purportedly infringing style to on-line

18   retailers with an address in Northern California, but it is unknown whether any of those shoes

19   were even sold in this judicial district.  As to those sales, the transaction occurred entirely

20   outside this judicial district.  (Nogueira Supp. Dec., ¶2.)

21          In *R. Griggs Group Ltd. v. Consolidated Shoe, Inc.*, 1999 WL 226211, at 4 (N.D. Cal.

22   1999) the court stated: "In a trade dress or trademark infringement suit brought under the

23   Lanham Act, a 'substantial part' of the events giving rise to the claim occurs in any district

24   where consumers are likely to be confused by the accused goods, whether that occurs solely in

25   one district or in many." (citations and quotation marks omitted.)  The court further explained

26   that confusion was likely to occur "where the passing off occur[ed], i.e., where the deceived

27   customer b[ought] the defendant's product in the belief that he [wa]s buying the plaintiff's."

28   *Id.*  Given that the defendants had two sales representatives in the Northern District, the court

found "passing off" occurred in that district. *Id.*, at 1. These facts simply do not exist here. Cels has never sold Nailpolish in any of the retail stores or otherwise employed any sales agents to market or sell that style within the Northern District. (Nogueira Supp. Dec., ¶2.) Airwair's own evidence confirms that the Nailpolish style is not sold in any of the retail stores within this District. (Doc. #21-2, ¶¶ 5, 7, 9, Exs. 4, 6, 8.) Also, there could be no perceivable confusion in connection with that sale Cels made to this District, where the customer directly ordered the footwear from Cels. (Id.)

*Leroy-Garcia v. Brave Arts Licensing,* 2013 WL 4013869 (N.D. Cal. 2013) is also distinguishable. In that case, the court found that the defendants had at least six retailers and other online vendors within the Northern District. *Id.*, at 3. Given these extensive sales activities, even though they generated relatively small business within the district, the court found that defendants' sales in the Northern District were "substantial," and justified their being sued in the district. *Id.*, at 12. Similarly, in *E & J Gallo Winery v. Grenade Beverage LLC, Slip Copy*, 2013 WL 6048140, at 3 (E.D. Cal. 2013), the plaintiff presented evidence that the defendant sold wine to at least seven retailers in the Eastern District, and also held a promotional event there. "Given 'the sales and promotional activities related to [the infringing product] that took place within this district,'" the court held that "a 'substantial part' of the events giving rise to Plaintiff's claims took place within this district." *Id.*

Unlike *Leroy-Garcia* or *E & J Gallo,* Cels has conducted no sales or marketing activities related to the Nailpolish style, employed no sales representative, made no sales of that style through any retail stores within the District. The only allegedly infringing sale Cels ever made to this District consisted of the sale of 144 pairs to a single customer, which constituted less than 7% of the total sales on that style. Plainly, Cels' infringing sale in the District is insubstantial.

Airwair also cited *Sutter Home Winery, Inc. v. Madrona Vineyards, L.P.*, 2005 WL 701599 (N.D. Cal. 2005) for support. *Sutter,* however, is simply inapposite. The court there addressed a motion for preliminary injunction, and in that context narrowed held: "it is enough to note for purposes of the instant motion [for preliminary injunction] that defendant's

improper venue argument does not appear sufficient to prevent the court from reaching the merits of plaintiff's request for preliminary injunctive relief." *Id*., n. 2.  The court further emphasized the limited nature of its ruling: "the court does not foreclose the possibility that a different conclusion might be warranted upon consideration of a more complete record." *Id.* Accordingly, Airwair's reliance on *Sutter* is misplaced.

### C.       Airwair Fails to Show that Cels Resides in This District

As explained in the Motion, for venue purposes, a corporate defendant is deemed to reside in the relevant judicial district if the contacts would be sufficient to given rise to either general or specific personal jurisdiction in that district, were that district a separate State.  28 U.S.C. § 1391(d);  F.R.C.P. 12(b)(3).

#### 1.       Airwair Fails to Establish that This Judicial District Has General Jurisdiction Over Cels

Airwair does not even attempt to show that this District has general jurisdiction over Cels.  Instead, Airwair acknowledges that it cannot make such a showing, but contends that such facts, if any, "are exclusively within the possession of Defendants."  (Doc. #21, 14:27-28.)  On that basis, Airwair requested leave to conduct jurisdictional discovery.  The Court need not entertain such request.

The Court has discretion to permit or deny jurisdictional discovery.  *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003).  A decision "to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant."  *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002).  "Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed."  *Laub, supra*, 342 F.3d at 1093 (citation omitted.)

Discovery is allowed "where pertinent facts bearing on the question of jurisdiction are controverted."  *Wells Fargo & Co. v. Wells Fargo Express Co*., 556 F.2d 406, 430-31, n. 24 (9th Cir. 1977).  However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants,

the Court need not permit even limited discovery. . . ." *Pebble Beach Co. v. Caddy*, 453 F3d 1151, 1160 (9th Cir. 2006), quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir.1995); see also *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc*., 334 F3d 390, 402–403 (4th Cir. 2003) (when the plaintiff "offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.") Similarly, a plaintiff is not entitled to discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo*, *supra*, 556 F.2d 406, 430-31, n. 24.

Here, Airwair has not demonstrated a need for jurisdictional discovery. Airwair's claim of general jurisdiction consists solely of a conclusory allegation without any factual support. Further, in the face of Cels' specific denial of contact with this District (Doc. #19-1), Airwair fails to present any evidence to the contrary. Specifically, Airwair requests further discovery into Cels' sales in this District. (Doc. #21, 15: 12-15.) Yet, Cels has shown that it has no retail stores in the District, and only made occasional sales to customers in this District, which constituted less than 1% of its combined sales in the United States. As Airwair itself acknowledges, to demonstrate a need for jurisdictional discovery, plaintiff needs to present evidence of a factual controversy over facts bearing on the question of jurisdiction. (Doc. #21, 15: 8-9.) Airwair, however, fails to present any such evidence. Airwiar's request for jurisdictional discovery should therefore be denied.

  **2.**   **Airwair Fails to Establish that This Judicial District Has Specific Jurisdiction Over Cels**

    **a.**   **Airwair Fails to Show that Cels Purposefully Directed Its Activities at This District**

As Cels explained in the Motion, to establish "purposeful direction," the defendant "must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Calder v. Jones*, 465 U.S. 783 (1984). Airwair agrees that this is the correct test. (Doc. #21, 9:15-18.)

**(1)    Airwair Fails to Show that Cels Expressly Aimed at This District**

As Cels also explained, the Ninth Circuit in *Dole* has further interpreted "express aiming" to have two elements: (1) that the defendant's wrongful conduct targeted the plaintiff and (2) that the defendant knew the plaintiff to be a resident of the forum state. *Dole Food Co., Inc. v. Watts* 303 F.3d 1104, 1111 (9th Cir. 2002). Airwair, however, does not reside in this District, which Airwair does not dispute. In fact, Airwair does not even claim to have substantial business contacts with this District. The second element - knowledge of residency - is simply unmet.

In the Opposition, Airwair does not address this element at all. Airwair instead speciously contends that express aiming is met by virtue of Cels' maintenance of an interactive website and the minimal sales made to the District. This position flatly contradicts the standard set forth in *Dole*, which Airwair does not even mention. Unsurprisingly, other than several narrowed held, unpublished district court rulings, Airwair fails to cite a single Ninth Circuit decision, or a single published district court opinion that stands for such proposition.

Airwair also fails to show that Cels specifically targeted Airwair. Airwair submitted a declaration to show that both parties offer footwear for sale at Macy's, DSW, Nordstrom, their respective online stores, Zappos.com, Amazon.com and NastyGal.com (Doc. #21-1, 13). This merely shows that like any other major brand, Cels markets and sells its products through some of the largest chain retailer and online retailers, all of which carry hundreds of footwear brands, and all of which have sales all over the country or internationally. Airwair fails to explain how this would show that Cels specifically targeted Airwair or this District, as it simply does not. Airwair also submitted evidence that Cels' magazines are distributed statewide in California. (Doc. #21-1, 14). This, similarly, fails to show that Cels specifically targeted Airwair or this District.

Airwair next asserts that Cels' infringing style and Airwair's trademarked footwear are both sold at several large online retailers, including DSW.com, Nordstrom.com Zappos.com, Amazon.com and nastyGal.com. (Doc. #21-1, 13). This assertion flatly contradicts Airwair's

own evidence, which shows that Cels' Nailpolish style was *not* sold at those third party websites.  None of the copies of webpages submitted by Airwair display the Nailpolish style, the only style identified in the Complaint as infringing.  (Doc. #21-2, Exs. 5, 7, 9, 10, 11.) Even assuming the Nailpolish style were sold at those third party websites, as explained, such sale simply fails to show that Cels specifically targeted Airwair given hundreds of other brands are also being sold there.

Similarly, while Airwair asserts that the Nailpolish style was sold at retail stores within the District, its own evidence refutes this assertion.  Airwair submitted photos of Cels' footwear that were offered for sale at the Macy's, DSW and Nordstrom stores in San Francisco.  (Doc. #21-1, 5, 7, 9, Exs. 4, 6, 8.)  None of these photos depict the Nailpolish style. Tellingly, Ms. Blazewicz's declaration merely states that "Defendant's footwear," rather than the infringing footwear, was sold in those stores.  (Id.)

Airwair next seeks to distinguish *Lang* and *Love* cited by Cels in the Motion.  Yet, Cels cited these two cases for the proposition that in intellectual property infringement actions, "express aiming" means that defendant knew of plaintiff's residence in the forum state, and that its infringing activities were specifically "aimed to compete" with plaintiff in that forum state.  *Lang v. Morris*, 823 F. Supp. 2d 966, 974 (N.D. Cal. 2011); *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010).  Airwair freely acknowledges that this is the governing standard: "Lang discusses a series of Ninth Circuit copyright cases, clarifying that under Ninth Circuit precedent, mere knowledge of the plaintiff's residence in California is insufficient to show express aiming, requiring instead the defendant's competition with the plaintiff *in the forum* …" (Doc. #21, 11:11-14, quotation and citation omitted, emphasis in original).  Applying the facts here, this standard is simply unmet.  As Airwair does not reside or even claims to have a major presence in this District, Cels simply could not have targeted Airwair or specifically aimed to compete with Airwair *in this District*.  Accordingly, the "express aiming" prong of the purposeful direction test is unmet.

        **(2)**      **Airwair Fails to Show that Cels Caused Foreseeable Harm in This District**

As Airwair has failed to show "express aiming," the Court need not address the third prong, namely, whether defendant's conduct directed to the forum state has caused harm that defendant knows is like to be suffered in that jurisdiction. Airwair similarly cannot make such a showing, giving that Airwair has failed to show that Cels directed any sales to this District. Also, there is no conceivable harm by Cels' minimal sale to the District, nor does Airwair claim to have suffered any actual harm. There is no evidence of actual confusion, or lost sales by Airwair. In addition, Cels has no reason to know that it would harm Airwair in this District where Airwair does not reside, or even claims to have a major presence. The third prong of the purposeful direction test is equally unmet.

      **b.**      **Airwair Fails to Show that Its Claims Arise Out Of Cels' Forum-Related Activities**

As explained in the Motion, the second prong for specific jurisdiction requires a showing that defendant's conduct targeted at the forum state be the "but for" cause of plaintiff's injury alleged in the action. *Bancroft & Masters, Inc. v. Augusta Net. Inc*., 223 F.3d 1082, 1088 (9th Cir. 2000). Again, Cels has shown that it has not directed any sales to this District, which Airwair fails to contradict at all. The second prong for specific jurisdiction is therefore unmet.

      **c.**      **Cels Has Shown that the Exercise Of Personal Jurisdiction Over Cels Would Be Unreasonable, Which Airwair fails to contradict**

Even if Airwair had established the first two prongs of the "minimum contacts" test, which it has not, Cels has shown that the third prong is unmet, namely, exercise of jurisdiction in this case would not "comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985).

In the Motion, Cels addressed the factors the Ninth Circuit has used in determining whether the exercise of jurisdiction over a nonresident defendant comports with traditional

notions of fair play and substantial justice, and has shown that most of those factors weigh entirely or almost entirely in favor of dismissal of Cels.

### (1) There Was No Purposeful Interjection Into This District By Cels

As explained in the Motion and also above, Cels has not purposefully interjected itself into this District. Cels has no presence in, nor directed any activities to this District, which Airwair fails to contradict at all. Accordingly, this factor strongly weighs in favor of dismissal.

### (2) Defense In This District Is More Burdensome

As explained, Cels, its counsel, witnesses, documents, footwear and other evidence are all located in the Central District of California, where Cels is domiciled. It is undoubtedly more burdensome for Cels to defend the lawsuit in a distant forum. Cels also pointed out that Airwair is a foreign company, so it is not more convenient for Airwair to litigate this action in Northern District than in Central District, which Airwair does not dispute. This factor also favors Cels.

### (3) This District Has No Interest In This Dispute

Cels correctly pointed out that this District has no particular interest in adjudicating this dispute given neither party is a resident here, which Airwair does not dispute. Airwair, however, asserts that it has filed six other cases in this District. This says nothing other than Airwair arbitrarily chose to bring lawsuits in this District. Airwair does not dispute that those other cases are unrelated to this one. In the Motion, Cels pointed out "there are no other actions related to this one" (Doc. #19, 20:1-4), which Airwair does not refute. Indeed, Airwair has never filed a notice of related case or otherwise requested any of those cases to be assigned to the same judge. Accordingly, this District has no interest in keeping this case. This factor favors Cels.

### (4) Efficient Resolution Weighs In Favor Of Dismissal

Cels has shown that this District is not an efficient forum for adjudicating this dispute, given that neither party resides here, nor are the evidence and witnesses located in this District.

Airwair disputes none of these, but merely contends that this factor should not be weighed heavily. It is thus undisputed that this factor favors Cels.

### (5) Importance Of The Forum Favors Dismissal

Airwair again asserts that this District is important to it on the basis that it has multiple cases pending in the District. Yet, as discussed above, Airwair does not dispute that those cases are unrelated to this one, which negates the importance of the forum. *R. Griggs Group Ltd. v. Consolidated Shoe, Inc.*, *supra,* 1999 WL 226211, at 5 (requiring plaintiff to litigate numerous related suits in a separate venue would impose too large a burden on plaintiff where it had filed eleven complaints in this district, and nearly all of those suits had been "adjudicated related cases and reassigned to this Court.") On the other hand, Cels has shown that this forum is more burdensome to Cels. Given these facts, this factor favors dismissal.

### (6) Availability Of Alternate Forum Favors Dismissal

Airwair acknowledges that this matter could be readily adjudicated in the Central District of California. Accordingly, it is undisputed that this factor favors dismissal.

In sum, Airwair fails to show that this District would have personal jurisdiction over Cels if the District were a separate state. In addition, Cels has shown that the exercise of jurisdiction would be unreasonable in this case, which Airwair fails to contradict. Accordingly, this District has no specific jurisdiction over Cels. Cels' Motion to Dismiss for Improper Venue should therefore be granted.

## III. ALTERNATIVELY, CELS' MOTION TO TRANSFER FOR CONVENIENCE SHOULD BE GRANTED

Even if venue were proper, the Court should transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). A § 1404(a) transfer may be granted "upon a lesser showing of inconvenience" than that required for a forum non conveniens dismissal. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The Court has broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.2000) (citation and quotation omitted.) In the Motion, Cels has shown that (1) the action could have been brought

in the Central District of California and (2) all of the relevant factors militate in favor of transferring this action to the Central District of California.

### A. This Action Could Have Been Brought in the Central District of California

Airwair does not dispute that this action could have been brought in the Central District of California. (Doc. #21, 15: 28.)

### B. The Relevant Factors Favor Transferring This Case to the Central District of California

As explained in the Motion, all of the relevant factors that courts have considered in determining a motion to transfer for convenience militate in favor of transferring this action to the Central District of California.

#### 1. Airwair's Choice of Forum Should Be Accorded Little Deference

In the Motion, Cels explained that little deference should be given to the fact that a foreign corporate plaintiff, such as Airwair, arbitrarily chose to file the instant action in the forum district, which Airwair does not dispute. See *Leroy-Garcia v. Brave Arts Licensing*, *supra*, ("Plaintiff's choice of forum is given less weight where, as here, she commenced an action in a forum in which she does not reside.")  It instead relies on Cels' contacts with this District.  This only further negates Airwair's choice of forum.  Plainly, Cels' activities are all centered around the Central District, and has only minimal contacts with the Northern District.

As explained, Airwair has failed to show that Cels has substantial contacts with the Northern District.  Sales made by third party retailers, including the website www.chineselaundry.com, simply fail to show *Cels'* contacts with the District.  Also, there is no conceivable harm to Airwair by the minimal sale to a single customer in the District, nor has Airwair presented any evidence of any type of harm.  While Airwair has several cases pending in this District, it does not dispute that those cases are not related to the instant one. It has never filed a notice of related cases, or requested a consolidation of any of those cases. Plainly, the Northern District of California has no connection to the parties or this action.

Airwair's choice of forum should therefore be accorded little weight in determining whether to transfer venue to the Central District of California.

### 2. Convenience of the Parties and Witnesses and Ease of Access to Evidence Weigh in Favor of Transfer

It is undisputable that the Central District of California is a more convenient venue. See *Leroy-Garcia v. Brave Arts Licensing*, *supra*. This case is like *Leroy-Garcia* where plaintiff was a foreigner "who reside[d] in Spain and who d[id] not argue that it [wa]s more difficult (whether financially or otherwise) for her to litigate in Los Angeles than in San Francisco." *Id*., at 13. "On the other side are defendants, the majority of whom [we]re individuals residing or entities which ha[d] their principle places of business in or around Los Angeles." *Id.* The Court found "[i]n such a situation, … it [wa]s more convenient for the parties, on the whole, to litigate this action in the Central District of California." *Id*. Accordingly, the Court held that "transfer serve[d] the convenience of the parties." *Id*.

Likewise, here Cels and its witnesses and evidence are all located in or near Los Angeles. See *Id*., at 14 (that "much of the relevant proof will be found where defendants are located" favors transfer). On the other hand, Airwair does not argue that it is more difficult for it to litigate in Los Angeles than in San Francisco. Clearly, on balance, the convenience of the parties and witnesses, and ease of access to evidence, all weigh in favor of transferring the case to the Central District.

### 3. Both Forums Are Familiar with the Applicable Law

Airwair does not dispute that both the Central and Northern Districts of California are equally familiar with federal trademark law. Accordingly, this factor is neutral.

### 4. There is No Feasibility of Consolidation With Other Actions

Airwair contends that it has filed several cases in this District, some of which are still pending. Yet, as Cels pointed out, there are no other actions related to this one, and thus no actions with which this action could be consolidated, which Airwair does not dispute. Hence, this factor is neutral.

### 5. Local Interest in the Controversy Weighs in Favor of Transfer

Airwair does not dispute that the Central District has a local interest in the controversy. Airwair, however, contends that the Northern District also has an interest on the ground that infringing sales occurred also in the Northern District. Yet, as Cels has shown, Cels has only made a small sale (144 pairs) to a single customer in the Northern District, which constituted less than 7% of the total sales made on the allegedly infringing footwear. (Nogueira Supp. Dec., ¶2.) Airwair's own evidence confirms that the allegedly infringing style is not sold at the retail stores in this District. (Doc. #21-1, 5, 7, 9, Exs. 4, 6, 8). This factor weighs in favor of transfer.

### 6. Relative Court Congestion Weighs in Favor of Transfer

Cels has submitted evidence that shows a trial on average is much speedier in the Central District than in the Northern District. Airwair does not dispute this fact, but misleads the Court to rely on "the time from filing to disposition" instead, which is approximately 6 months in the Central District and 8 months in the Northern District. As Airwair's counsel is well aware, these numbers accounted for the fact that a majority of the cases were resolved informally other than by trial. Accordingly, the time from filing to disposition is much shorter than that from filing to trial, and simply does not reflect relative court congestion. *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1196 (S.D. Cal. 2007) ("The key inquiry in docket congestion is whether a trial may be speedier in another court because of its less crowded docket.") Plainly, this factor also weighs in favor of transfer, which Airwair fails to contradict.

## IV. CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion, Cels respectfully requests that the Court dismiss this action for improper venue or, in the alternative, transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

DATED: February 20, 2014        SEDGWICK LLP

By: */s/ Heather L. McCloskey*
    Robert F. Helfing
    Heather L. McCloskey
    Xiaoyi Yao
    Attorneys for Defendant
    CELS ENTERPRISES, INC.