**BRYAN CAVE LLP**
Marcy J. Bergman, California Bar No. 75826
Stephanie A. Blazewicz, California Bar No. 240359
Robert J. Esposito, California Bar No. 267031
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 675-3400
Facsimile: (415) 675-3434
Email: marcy.bergman@bryancave.com
stephanie.blazewicz@bryancave.com
robert.esposito.@bryancave.com

**Attorneys for Plaintiff**
AIRWAR INTERNATIONAL LTD,
a Company of the United Kingdom

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD, a Company of the United Kingdom,<br><br>Plaintiff,<br><br>vs.<br><br>CELS ENTERPRISES, INC. D/B/A/ CHINESE LAUNDRY, a New York Corporation; and DOES 1-50,<br><br>Defendants. | Case No. 3:13-cv-04312-EMC<br><br>**AIRWAIR INTERNATIONAL LTD.'S OBJECTIONS TO EVIDENCE SUBMITTED BY CELS ENTERPRISES, INC. IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE FOR CONVENIENCE**<br><br>[Civ. L. R. 7-3(d)(1)]<br><br>Date: March 6, 2014<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br><br>Complaint Filed: September 9, 2013<br>Trial Date: Not Assigned |

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiff AirWair International Ltd. submits the following objections to evidence submitted by Defendant Cels Enterprises, Inc. through the supplemental declaration of Miryan Nogueira ("Nogueira Suppl. Decl.") in support of Cels' reply brief in support of its motion to dismiss for improper venue, or in the alternative, to transfer venue for convenience. The evidence lacks foundation, is unreliable, misleading, and does not support the assertions made in Cels' reply.

**1. Ms. Nogueira's Assertion that Cels Sold 72 Pairs of the Accused Footwear Lacks Foundation, Is Contradicted by Cels' Other Statements, and Is Misleading.**

Factual Assertion:

> Cels itself admits that it made minimal sales (just 72 pairs) of the purportedly infringing shoes to two on-line retailers with an address within the district . . . .

(Reply at 1:11–12; *see also* Reply at 2:22–23 (same) (citing Nogueira Suppl. Decl., ¶ 2).)

Evidence:

> Cels has only sold the Nailpolish style to two customers located within the Northern District of California. . . . Cels sold a total of 72 pairs to them, which constituted approximately 3.3% of Cels' total sales on the Nailpolish style.

(Nogueira Suppl. Decl. ¶ 2:2–3, 2:8–9.)

Objections:

Ms. Nogueira's declaration lacks foundation. She states that she is "Cels' Vice-President of Strategic Planning & Legal Management" and that she has personal knowledge of the facts stated in her declaration, but she does not state the basis for such knowledge. (*See* Nogueira Suppl. Decl. ¶ 1.) Ms. Nogueira's job title does not suggest she has knowledge of Cels' sales figures. Nor does Ms. Nogueira explain how she has knowledge of the stated sales figures. She does not state that she reviewed any sales records and she does not attach any documentation to her declaration supporting the stated sales figures. There is no foundation for the number of shoes sold, the identity of customers, or the location of the customers.

Ms. Nogueira's declaration is also unreliable. It ignores the sales receipts and pictures attached to AirWair's complaint showing sales of two accused footwear styles to AirWair's counsel in the Northern District of California purchased through Cels' website and NastyGal.com.

(*See* Compl. Exhs. 7–8.) Ms. Nogueira neither acknowledges these sales nor disputes them. Since Ms. Nogueira attaches no documentation to her declaration, it is unclear whether Cels has records of sales made through its website (www.chineselaundry.com). If Cels does have such records, Ms. Nogueira failed to acknowledge these sales to customers in the Northern District of California, and there may be additional sales that were likewise omitted from her declaration.

Furthermore, Ms. Nogueira's testimony that Cels sold only 72 pairs of accused footwear is contradicted Cels' reply brief, which states:

> The only allegedly infringing sale Cels ever made to this District consisted of the sale of **144 pairs** to a single customer, which constituted less than 7% of the total sales on that style," [Reply at 5:21–23]
>
> * * *
>
> Cels has only made a small sale (**144 pairs**) to a single customer in the Northern District, which constituted less than 7% of the total sales made on the allegedly infringing footwear. [Reply at 15:4–6 (citing Nogueira Supp. Dec., ¶ 2).]

(Emph. added). It is unclear whether Cels asserts that there were *144* allegedly infringing sales or *72* allegedly infringing sales. Cels offers no documentation supporting either number.

Finally, the evidence is misleading. Ms. Nogueira's declaration only addresses the Nailpolish style, ignoring the five other styles identified in the Complaint. (*See* Compl. ¶ 16; Compl. Exh. 6.)

### 2. Cels' Assertions that the "Nailpolish" Style is "the Only Style Identified in the Complaint as Infringing" and that Several Large Retailers Do Not Sell the "Nailpolish" Style Lack Foundation and Are Misleading.

Factual Assertion:

> Airwair next asserts that Cels' infringing style and Airwair's trademarked footwear are both sold at several large online retailers, including DSW.com, Nordstrom.com Zappos.com, Amazon.com and nastyGal.com. (Doc. #21-1, 13). This assertion flatly contradicts Airwair's own evidence, which shows that Cels' Nailpolish style was *not* sold at those third party websites. None of the copies of webpages submitted by Airwair display the Nailpolish style, the only style identified in the Complaint as infringing.

(Reply at 8:26–9:3.)

Evidence:

Cels' reply brief cites only *AirWair's* evidence—exhibits 5, 7, 9, 10, and 11 to the

1 Declaration of Stephanie Blazewicz in support of AirWair's opposition to the instant motion. (*See*
2 Dkt. 21.) These exhibits show examples Cels' infringing footwear offered for sale at DSW.com,
3 Nordstrom.com, Zappos.com, Amazon.com, and nastyGal.com.
4 Objections:
5      Cels has no foundation for its statement that the "Nailpolish" style is the only style
6 identified in the Complaint as infringing. (Reply at 9:2–3.) Ms. Nogueira's declaration provides
7 no support for this statement. In fact, Exhibit 6 to the Complaint contains screenshots of Cels'
8 website (www.chineselaundry.com) showing the "Rendition" (Khaki), "Machine" (Leopard),
9 "Rendition" (Navy), "Ratatat" (Smoke), and "Machine" (Cherry) styles. (Dkt. 1, Compl. Exh. 6).
10 The Complaint alleges:

> The infringing footwear manufactured, marketed and sold by Chinese Laundry includes, without limitation . . . [listing styles]. . . . Images of the Infringing Footwear offered for sale and sold through Chinese Laundry's website www.chineselaundry.com and other U.S. retailers are attached hereto as Exhibit 6.

14 (Dkt. 1, Compl. ¶ 16.)
15      Nor does Cels establish a foundation for its assertion that the various online retailers listed
16 do not sell Cels' infringing footwear. This assertion is based solely on the false premise that only
17 the Nailpolish style is identified as infringing. Cels evades the facts, as alleged. Even as to the
18 Nailpolish style, Cels misuses AirWair's evidence to suggest that because there is no picture of the
19 Nailpolish boot in the screenshots, Cels did not sell the infringing footwear through those
20 websites. If Cels did not sell the infringing footwear in particular stores, it should say so.

*[The balance of this page is intentionally left blank.]*

### 3. Evidence that the Owner and Operator of ChineseLaundry.com Is A Separate Entity from Cels is Untimely and Inadmissible In A Reply.

Factual Assertion:

> [N]one of the sales made through the website www.chineselaundry.com are attributable to Cels. This website is owned and operated by a distinct entity, Chinese Laundry LifeStyle NV, LLC, not Cels.

(Reply at 8:26–9:3.)

Evidence:

> The website chineselaundry.com is owned and operated by Chinese Laundry LifeStyle NV, LLC, which is a distinct, separate entity from Cels.

(Nogueira Suppl. Decl. ¶ 3.)

Objection:

Cels' evidence regarding the identity of the owner and operator of chineselaundry.com is untimely raised in its reply brief. The purpose of the reply is to respond to matters raised in opposition to the motion, not to raise new factual grounds for relief. New arguments may not be raised for the first time in a reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

AirWair alleges in its complaint that "Chinese Laundry markets, distributes and sells clothing and footwear products in the United States and within this District through its website www.chineselaundry.com . . . ." (Dkt. 1, Comp. ¶ 3, 2:11–13.) Cels failed to argue in its opening memorandum that a separate entity owned or operated chineselaundry.com. To the contrary, Cels seemed to concede that it operated the website (or at least ignored the issue of ownership) in arguing that maintenance of an interactive website is insufficient to create general personal jurisdiction:

> Maintenance of an interactive website is not sufficient grounds for general personal jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075-1076 (9th Cir. 2011) (holding that allowing a website to support jurisdiction would inevitably result in "the eventual demise of all restrictions on the personal jurisdiction of state courts") (citations omitted).

(Mot. at 4:1–5.) Now, in its reply, Cels introduces a new argument—that a different entity runs its website, thus shielding Cels from personal jurisdiction. This new argument cannot be raised in Cels' reply.

1      If the Court is inclined to consider this new evidence, AirWair should be given an
2  opportunity to respond and to seek leave to amend its complaint to substitute Chinese Laundry
3  LifeStyle NV, LLC for one of the Doe defendants.

5  Dated: February 26, 2014                 **BRYAN CAVE LLP**

7                                            By: /s/ Stephanie A. Blazewicz

                                          Attorneys for Plaintiff
                                          AIRWAR INTERNATIONAL LTD,
                                          a Company of the United Kingdom