ROBERT F. HELFING (Bar No. 90418)
robert.helfing@sedgwicklaw.com
HEATHER L. MCCLOSKEY (Bar No. 193239)
heather.mccloskey@sedgwicklaw.com
XIAOYI YAO (Bar No. 261290)
xiaoyi.yao@sedgwicklaw.com
SEDGWICK LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant
CELS ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> CELS ENTERPRISES, INC. D/B/A CHINESE LAUNDRY, et al., <br><br> Defendant. | Case No. CV13-04312 EMC <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVDIENCE CITED BY DEFENDANT IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FRCP 12(b)(3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE FOR CONVENIENCE PURSUANT TO 28 USC § 1404(a)** <br><br> Date:    March 6, 2014 <br> Time:   1:30 p.m. <br> Place:   Courtroom 5 |

Defendant Cels Enterprises, Inc. ("Cels") respectfully submits the following Response to Plaintiff Airwair International Ltd. ("Airwair")'s Objections to Evidence Cited by Defendant in support of its Motion to Dismiss Action for Improper Venue Pursuant to F.R.C.P. Rule 12(b)(3) or, in the alternative, to Transfer Venue for Convenience Pursuant to 28 U.S.C.§ 1404 (a):

## I.  INTRODUCTION

Cels submitted the supplemental declaration of Miryan Nogueira in the Reply solely to respond to the new matters raised by Airwair in the Opposition.  Airwair's objection to the declaration for lack of foundation is both baseless and disingenuous.  As Vice President of Cels, Ms. Nogueira clearly had access to Cels' sales figures.  Plainly, Airwair makes no objection to the original declaration of Ms. Nogueira which attested to similar sales figures.  In fact, Ms. Nogueira had provided similar sales figures to Airwair during the parties' pre-litigation negotiations.  Airwair, however, attempts to raise new substantive arguments in the disguise of evidentiary objections without pre-approval of the Court.  This is entirely improper.  Airwair's objections/arguments should be disregarded in their entirety.

## II.  RESPONSE TO OBJECTION NO. 1

Airwair contends that Ms. Nogueira's supplemental declaration lays no foundation for the sales figures she attested to.  Yet, the declaration states that Ms. Nogueira is Cels' "Vice-President of Strategic Planning & Legal Management," and that she has "personal knowledge" of the facts.  As Vice President of Cels, Ms. Nogueira clearly had access to the sales figures she attested to, and had already provided similar sales information to Airwair during the parties' pre-litigation negotiations.  Airwair's objection based on foundation is plainly disingenuous.

Airwair next argues that the declaration is unreliable, but fails to offer anything to contradict the declared facts that "Cels has only sold the Nailpolish style to two customers located within the Northern District of California.   Cels sold a total of 72 pairs to them, which constituted approximately 3.3% of Cels' total sales on the Nailpolish style."  As Cels has already made clear, the website Chineselaundry.com is owned and operated by Chinese Laundry LifeStyle NV, LLC, which is a distinct and separate entity than Cels.  Similarly, Cels has neither control nor knowledge of any sales made by third party resellers such as NastyGal.com.  Also, contrary to Airwair's contentions, its counsel purchased from NastyGal.com footwear *other than* the Nailpolish style or any of the other styles Airwair now contends also at issue, namely, Rendition, Machine and Ratatat.  The submitted invoice shows

1   the purchase of Disco Ball Combat Boot, Sugar Beaded Combat Boot and Fume Combat Boot,
2   not any of the allegedly infringing styles.  (Blazewicz Dec., Ex. 11.)  Airwair did not submit
3   any pictures of those purchased boots.
4       As to the couple of errors Airwair pointed out in the reply brief, Cels is submitting a
5   Errata concurrently herewith to correct them.

6   **III.    RESPONSE TO OBJECTION NO. 2**

7       Airwair's Objection No. 2 consists solely of new substantive argument, which should
8   be disregarded entirely.  Plainly, Airwair does not even mention Ms. Nogueira's supplemental
9   declaration, and instead addresses evidence submitted in its own Opposition.
10      In any event, Airwair's argument is meritless.  Cels understands that Nailpolish is the
11  subject style based on the allegations in the Complaint and its communications with Airwair,
12  Airwair now, however, argues that several other styles should also be considered.  Even
13  accepting that argument, Cels' sales of those alleged styles (Rendition, Machine and Ratatat) to
14  the Northern District are still minimal.  (Nogueira Further Supp. Dec., ¶¶3&4.)  Airwair fails to
15  provide any basis that sales made by third party resellers, which Cels has neither control nor
16  knowledge of, are at all relevant to the venue analysis.  In fact, Airwair has not even offered
17  any evidence that any of those third parties actually made any infringing sales to the Northern
18  District.

19  **IV.    RESPONSE TO OBJECTION NO. 3**

20      As the website Chineselaundry.com is owned and operated by a different entity than
21  Cels, sales made on that website were not discussed or even mentioned in the Motion, as they
22  are simply irrelevant.  In the legal section on the issue of general personal jurisdiction, Cels for
23  completeness also included the standard that maintenance of an interactive website is not
24  sufficient grounds for general personal jurisdiction, but Cels needed not to and did not address
25  the website Chineselaundry.com in the Motion brief.
26      In the Opposition, Airwair, however, represents that its counsel purchased a Nailpolish
27  style from Chineselaundry.com, and uses that as evidence of *Cels*' sales made to the District.
28

1 Cels therefore responded to that erroneous assertion by pointing out that Cels is not the owner
2 of that website.
3    Airwair cannot reasonably object to this evidence properly submitted solely to address
4 the matters raised by Airwair in the Opposition.  Airwair, however, requests that the Court
5 grant it leave to amend the Complaint to add the other entity.  Such request by way of
6 objections to evidence is entirely improper, and should not be entertained.

DATED:  March 3, 2014        SEDGWICK LLP

By: */s/ Xiaoyi Yao*
      Robert F. Helfing
      Heather L. McCloskey
      Xiaoyi Yao
      Attorneys for Defendant
      CELS ENTERPRISES, INC.